[Nos. 58864-8-I; 59161-4-I.   Division One.   May 5, 2008.]

*In the Matter of the Marriage of* R.E., *Appellant,* and S.E., *Respondent.*

394

*Shelly M. Hall* (of *Stokes Lawrence*) and *Brendan F. Patrick*, for appellant.

*Paul Seligmann*; and *Catherine W. Smith* and *Valerie A. Villacin* (of *Edwards Sieh Smith & Goodfriend, PS*), for respondent.

¶1 ELLINGTON, J. — In 2002, parties to an acrimonious dissolution agreed to seal the court file in order to protect

the mental health and privacy of their elder child. In 2006, the former wife, R.E., sought an order unsealing the file. The court unsealed all but 39 documents. Both parties appeal. R.E. contends the court left too much sealed, while S.E. argues the court should have left the entire file sealed. We hold the court applied the correct test but that the 2006 sealing order was overbroad. We affirm in part and remand for further consideration.

¶2 R.E. also appeals denial of a protection order and imposition of sanctions. We remand for application of the correct standard of review on a motion for revision.

## BACKGROUND

¶3 R.E. and S.E.[1] divorced in 2000 after 11 years of marriage. They have two children, J.E. and A.E. The elder child, J.E., has been treated since 1997 for significant emotional problems. R.E.'s contact with J.E. was initially restricted, then terminated, and she has had no contact with him since 2001.

¶4 In 2002, after entry of the final decree, the parties agreed that the dissolution file should be sealed in its entirety. They submitted letters from two of J.E.'s mental health providers, each of whom recommended that court records pertaining to custody and visitation issues be sealed to protect J.E.'s privacy and well-being. The court sealed the entire file in a one paragraph order, without making findings.

¶5 In 2006, R.E. filed a motion to unseal the file. In opposition to the motion, S.E. relied upon the original recommendations from treatment providers, as well as a statement from J.E.'s current therapist:

I have been informed that these court files include records relating to psychiatric and mental health treatment [J.E.] has

---

[1] We identify the parties by their initials or their relationship to the children in order to preserve the privacy interests at stake. The briefs were filed under seal and shall remain so.

received, prepared by his former treatment providers. I feel that it would be contrary to [J.E.]'s interest and disruptive to the therapeutic process to have prior or current mental health records and reports, or documents referencing those reports, accessible to the general public.[2]

After reviewing all eight volumes of the file, the court commissioner unsealed the file except for 39 documents, which he found should remain sealed to protect the privacy of *both* children:

Based on the recommendations of [the three treatment providers], the court finds it would be harmful to the mental health and current therapeutic treatment of [J.E.] to unseal the reports, statements, discovery and pleadings referring to or containing exhibits dealing with the aforementioned.

The court finds that it would be equally detrimental to [A.E.] for the unsealing of reports, statements, discovery and pleadings referring to or containing exhibits dealing with himself or his sibling.

The court finds that there are compelling privacy concerns for [J.E.] and [A.E.] that outweigh the public's interest in this information.[3]

Additionally, the court ordered any future documents "concerning" either child to be filed under seal.[4]

¶6 In separate proceedings, R.E. sought a domestic violence protection order. The court found no evidence of domestic violence, denied the order, and imposed Civil Rule (CR) 11 sanctions for bad faith and intransigence.

---

[2] Clerk's Papers at 401.

[3] Clerk's Papers at 702.

[4] Clerk's Papers at 705. The court also sealed additional documents containing financial information. This part of the order is not challenged. *See also* General Rule (GR) 22(f) (governing sealed financial information).

## ANALYSIS

### *Order Sealing Court Records*

■■ ¶7 The constitution, three cases, two court rules, and a statute inform the analysis here. Article I, section 10 of our state constitution guarantees the open administration of justice. To the extent documents in court files are intended to inform a judicial decision, they are presumed open.[5] But such records may be sealed when "other significant and fundamental rights" override the public interest in open records.[6]

■■ ¶8 In *Rufer v. Abbott Laboratories*[7] and *Dreiling v. Jain*,[8] the Supreme Court clarified the procedures and standards for sealing court records and reiterated the five-factor test from *Seattle Times Co. v. Ishikawa*: a showing of the need for closure, notice to interested parties, use of the least restrictive means available, closure of no more records than necessary to serve the overriding interest, and weighing of the competing interests of the parties and the public.[9]

■ ¶9 GR 15 is the court rule setting the procedure for sealing court files and "applies to all court records." GR 15(a). In 2006, after the decisions in *Rufer* and *Dreiling*, GR 15 was substantially amended.[10] It now provides that court records may be sealed from public view upon written ju-

---

[5] *Rufer v. Abbott Labs.*, 154 Wn.2d 530, 549, 114 P.3d 1182 (2005).

[6] *Dreiling v. Jain*, 151 Wn.2d 900, 909, 93 P.3d 861 (2004).

[7] 154 Wn.2d 530, 114 P.3d 1182 (2005).

[8] 151 Wn.2d 900, 93 P.3d 861 (2004).

[9] 97 Wn.2d 30, 37, 640 P.2d 716 (1982); *see also Dreiling*, 151 Wn.2d at 913-15. On appeal, review of the applicable standard is de novo. When the proper standard has been applied, we review a decision to seal or unseal records for abuse of discretion. *Rufer*, 154 Wn.2d at 540. A court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds. *State v. C.J.*, 148 Wn.2d 672, 686, 63 P.3d 765 (2003).

[10] *See* 1 WASHINGTON COURT RULES ANNOTATED GR 15 editorial cmt. at 25 (West 2d ed. 2006).

dicial findings that sealing or redaction "is justified by identified compelling privacy or safety concerns that outweigh the public interest in access to the court record."[11]

¶10 GR 15 also provides that "[s]ufficient privacy or safety concerns that may be weighed against the public interest include findings that . . . [t]he sealing . . . is permitted by statute."[12] The statute relevant here, RCW 26.12.080, was enacted in 1949. It permits a family court judge to close any part of the public files to protect public policy, public morals, or the interests of children:

> Whenever the court before whom any matter arising under this chapter is pending, deems publication of any matter before the court contrary to public policy or injurious to the interests of children or to the public morals, the court may by order close the files or any part thereof in the matter and make such other orders to protect the privacy of the parties as is necessary.[13]

S.E. contends this statute gives the court discretion to seal all documents related to the children.

¶11 The statute must be read in harmony with the constitution and the court rules.[14] The constitution establishes the public's right to access, which means that sealing court records under RCW 26.12.080 requires the justification of an overriding interest. The language of the statute is a reflection of its time; injury to public policy or public morals is one way to talk about an overriding interest.

■ ■ ¶12 GR 22, the second relevant court rule, is specific to records in family law cases. Under GR 22, public access to records is to be facilitated "provided that such access will not present an unreasonable invasion of per-

---

[11] GR 15(c)(2).

[12] GR 15(c)(2)(A).

[13] The statute has been cited but never interpreted. *See, e.g., Monroe v. Tielsch,* 84 Wn.2d 217, 230 n.6, 525 P.2d 250 (1974).

[14] *Christensen v. Ellsworth,* 162 Wn.2d 365, 373, 173 P.3d 228 (2007) ("Statutory provisions and rules should be harmonized whenever possible.")

sonal privacy."[15] Personal privacy is unreasonably invaded "only if disclosure of information . . . (a) would be highly offensive to a reasonable person and (b) is not of legitimate concern to the public."[16] S.E. contends it would be highly offensive to allow public access to the court file "when there is no legitimate reason for the public to have information relating to the parties' custody dispute."[17]

¶13 GR 22 simply states the competing interests to be weighed: privacy versus the public right to the open administration of justice. As with GR 15, records may be sealed only when an interest is sufficiently compelling to override the public's right to the open administration of justice.[18] GR 15 is the general rule, and GR 22 adds specific provisions for family law cases. The rules do not conflict, and both apply here.

¶14 Essentially S.E. argues that we should adopt a different standard for sealing records in family law cases. Certainly these cases can present difficult privacy issues. Family law litigants have no choice of forum because their remedies can come only from the courts. Private information is unavoidably disclosed. Financial records, health records, counseling reports, evaluations by various professionals, the history of family dynamics—all manner of personal information is necessarily relevant to decisions about the marital estate and the minor children. All too often, rancor taints the parties' judgment, and the file becomes an unwieldy repository of untested and unsavory allegations. Indeed, the file here is larger and more acrimonious than most. It is littered with accusations and counteraccusations and contains highly personal financial and health information.

---

[15] GR 22(a).

[16] GR 22(b)(4).

[17] Br. of Resp't at 39.

[18] *Rufer*, 154 Wn.2d at 549; GR 15(c)(2)(F) ("[a]nother identified compelling circumstance exists that requires the sealing or redaction").

¶15 But courts do not decide cases in a vacuum: judges may consider the factors unique to family law cases in weighing the competing interests of the parties and the public. Further, GR 22(c) gives special protection to certain types of family law records, such as financial source documents and health care records. The current court rules allow the court adequate discretion to consider the nature of the proceedings and to craft appropriate, narrowly drawn orders when compelling interests are identified. There is no need for a different standard for sealing family law court files.[19]

¶16 We turn to the specifics of the 2006 order, in which the court revisited and revised the original sealing order. The first issue is the standard for *unsealing* court records. GR 15(e)(3) now provides that "[a] sealed court record in a civil case shall be ordered unsealed only upon stipulation . . . or upon motion and written notice to all parties and proof that identified compelling circumstances for continued sealing no longer exist." S.E. argues that R. E. failed to satisfy the rule by showing the original reason for sealing the file no longer exists, and the court below should not have granted any part of her motion to unseal.[20]

¶17 Applying the current rule to an order entered before its adoption presents several difficulties. The unsealing provision of the current rule clearly contemplates that the sealing order was entered in compliance with the current rule. But former GR 15 did not require findings, did not address redaction, and did not prohibit sealing based only

---

[19] We are aware of only one jurisdiction that seals family law records under a standard different from that for other civil cases. *See* N.Y. Dom. Rel. Law § 235(1) (only parties may take copies of documents or testimony in matrimonial cases, except by order of the court). The overwhelming majority of jurisdictions apply a single standard, even where the state's constitution lacks our constitution's guaranteed right of access to the public. *See, e.g., In re Marriage of Burkle*, 135 Cal. App. 4th 1045, 1060-61, 37 Cal. Rptr. 3d 805 (Cal. App. 2d Dist. 2006) (holding that right of access to court records in dissolution proceedings is no different from right in ordinary civil proceedings).

[20] Alternatively, S.E. contends R. E. is bound by her agreement to seal the file in 2002. To accept this argument, however, is to ignore the presumptive openness of court records.

upon the parties' agreement.[21] And the former rule permitted the court to unseal a file only upon proof of compelling circumstances *to unseal*, presumably meaning a new and compelling need to make the information public. Former GR 15(d)(2) (2002).

¶18 The 2002 sealing order reflects these differences. The order does not state its basis, though the court interlineated "agreed" in the caption.[22] There is no indication that anything short of sealing the entire file was considered. No findings were entered, so there is no basis for determining whether the compelling circumstances still pertain. It is thus difficult or impossible to apply the current standard for unsealing.

¶19 And applying the current standard for unsealing in these circumstances would run afoul of *Rufer*: "[A]ny records that were filed with the court in anticipation of a court decision . . . should be sealed *or continue to be sealed* only when the court determines . . . that there is a compelling interest which overrides the public's right to the open administration of justice."[23]

¶20 We conclude that when a party moves to unseal records that were sealed under the former rule and the original sealing order does not conform to the current rule, it is not appropriate to apply the current standard for unsealing. Rather, the proponent of unsealing should be permitted to show that under the standards of the new rule, the original order was unjustified or overbroad.

¶21 The commissioner who entered the 2006 sealing order took exactly this approach. He made a de novo review of the entire, voluminous file, found "it would be harmful to the mental health and current therapeutic treatment of

---

[21] Current GR 15(c)(2) provides that "[a]greement of the parties alone does not constitute a sufficient basis for the sealing or redaction of court records."

[22] The therapists' recommendations to seal custody and visitation records were before the court, but the order stated only that, by agreement, the dissolution files "shall be sealed." Clerk's Papers at 345.

[23] *Rufer*, 154 Wn.2d at 549 (emphasis added).

J.E."[24] to unseal documents dealing with those matters, and found that this compelling privacy concern outweighed the public interest in open files. His approach was careful and thoughtful, and we commend it.

¶22 The remaining questions are whether the court sealed too much or too little. The chief basis for the sealing order was the elder child's health and treatment. We agree that this is an overriding privacy interest. S.E. has pointed to no record related to J.E.'s health and treatment that was not sealed. Thus, the court did not seal too little.

¶23 However, despite its broad discretion in these matters, the court did seal too much. The order goes too far in four respects.

¶24 First, the findings state that it would be harmful to unseal reports, statements, discovery, exhibits and pleadings referring to J.E.'s "mental health and current therapeutic treatment."[25] But the court appears to have sealed *all* documents related to custody and visitation.[26]

¶25 Second, the court found that unsealing documents related to *either* child "would be equally detrimental to [the younger child],"[27] and included all such documents in the sealing order. The record contains no apparent basis for a compelling privacy concern for A.E.

¶26 Third, there is nothing in the record to suggest that redaction was considered. GR 15(c)(3) requires that records not be sealed in their entirety "when redaction will adequately resolve the issues before the court." We recognize that redaction can present a considerable burden upon the court, particularly given a file of this size. But judges may require the parties to propose the redactions and may reject

---

[24] Clerk's Papers at 702.

[25] Clerk's Papers at 702.

[26] For example, documents 53, 73, and 77 are third party declarations of lay people describing the father's and mother's parenting skills.

[27] Clerk's Papers at 702.

redaction altogether if it becomes unduly burdensome, so long as the court is mindful of the presumption of openness.

¶27 Fourth, the order requires that all future documents referring to either child be filed under seal, without regard to whether the reference to the child is incidental or whether the document relates to the stated privacy concern.

¶28 S.E. defends these aspects of the order on grounds of the burden upon the court presented by any other approach. For example, as to future filings, he asserts that the main subject of all filings is the children, and the order allows the court to "avoid unnecessary work while ensuring the children's privacy."[28] But the court made no finding of undue burden, and the work in question consists of balancing and protecting the rights of privacy and public access. This is not unnecessary work.

¶29 In these aspects the order does not comply with GR 15. We therefore remand to the court commissioner for further review in light of the above discussion. If the findings did not fully reflect the court's intent, the court may amend the findings on remand.[29]

## Protection Order

¶30 In a separate proceeding, a different commissioner denied R.E.'s motion for a protection order. She later filed a motion for revision, which was denied. She contends the judge improperly reviewed the commissioner's order for substantial evidence and improperly imposed sanctions for intransigence.

¶31 S.E. contends that de novo review was not required because R.E. was acting pro se and was sworn before she made her argument. S.E. relies upon *In re Mar-*

---

[28] Br. of Resp't at 42.

[29] To assist the court on remand, we observe that the following documents appear to be unrelated to J.E.'s health and treatment: subnumbers 52, 67, 68, 71, 74, 77, 80F, 80K, 97, 192, 208 and 213, and the following records were properly sealed: subnumbers 49, 50, 80D, 80L, 99, 102, and 148A.

*riage of Goodell*[30] and *In re Marriage of Dodd.*[31] S.E. is incorrect. But under the statute and controlling Supreme Court authority, the court must review the commissioner's decision de novo based on the record.[32]

¶32 Here, the record strongly suggests the court applied a substantial evidence standard of review: "[T]his court finds that there was sufficient evidence for the [commissioner's] ruling. . . . [T]here certainly was sufficient evidence for the commissioner's ruling as well as for this court's ruling also."[33] As we are unable to discern whether the court employed the correct standard, we remand for application of the de novo standard.

¶33 As to the CR 11 sanctions, the record supports the court's written finding of bad faith and intransigence. If the court makes the same ruling on remand, it may impose the same sanctions.

¶34 Affirmed in part and remanded. No attorney fees are awarded.

AGID and COX, JJ., concur.

---

[30] 130 Wn. App. 381, 122 P.3d 929 (2005).

[31] 120 Wn. App. 638, 86 P.3d 801 (2004).

[32] RCW 2.24.050; *State v. Ramer*, 151 Wn.2d 106, 113, 86 P.3d 132 (2004). We review the superior court's ruling. *Ramer*, 151 Wn.2d at 113.

[33] Report of Proceedings (Aug. 23, 2006) at 55.