FILED
COURT OF APPEALS
DIVISION II

2014 MAR 19 AM 8:48

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| S.C., | No. 44477-1-II |
| Respondent, | |
| v. | |
| J.C., | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, J. — J.C. appeals from a Thurston County Superior Court revision of a commissioner's denial of S.C.'s "Sexual Assault Protection Order" (SAPO). J.C. argues that (1) the superior court erred when it excluded all evidence of the conversation between J.C. and S.C. about S.C.'s sexual activity with another person, and (2) the superior court erred in failing to defer to the commissioner's credibility findings. Because the superior court properly excluded evidence of S.C.'s sexual history and properly reviewed the commissioner's decision de novo without deferring to the commissioner's credibility findings, we affirm.

## FACTS

### I. BACKGROUND

S.C., a 14-year-old freshman, and J.C., a 17-year-old junior, were both students at Tumwater High School; they knew each other through mutual friends and rode the bus together. On November 8, 2012, S.C. and J.C. met in Scott Lake park to "hang out." Clerk's Papers (CP)

at 6. S.C. and J.C. walked around the park talking about various things, including S.C.'s sexual encounters with A.F., a mutual friend and S.C.'s former boyfriend. The pair ended up at J.C.'s grandfather's house, close to the park.

While in the house, S.C. and J.C. continued to talk about S.C.'s relationship and sexual encounters with A.F. because S.C. felt that J.C. was a friend and "someone [she] could trust." CP at 47. As S.C. started to leave, J.C. asked S.C. if she would look at his penis and tell him "if [his] penis was bigger than [A.F.'s] because [A.F.] had made jokes" about the size of J.C.'s penis. CP at 61. According to S.C., she refused to look at J.C.'s penis when he asked her, but he unzipped his pants and showed her his penis anyway. When she tried to leave, J.C. grabbed her around her waist, forcing her right hand down to touch his penis. According to J.C., S.C. agreed to look at his penis and said that his penis was larger; although J.C. asked S.C. if she "wanted to do anything" with him, there was no further physical contact between them. CP at 62. J.C. then walked S.C. home.

## II. PROCEDURE

S.C. petitioned for a SAPO against J.C. on November 15, 2012. At the evidentiary hearing, S.C. had the burden to prove nonconsensual sexual conduct by a preponderance of the evidence. RCW 7.90.090. The parties offered only S.C.'s and J.C.'s testimony, and S.C. presented two exhibits.

During S.C.'s testimony, the commissioner, over S.C.'s objections, allowed J.C. to elicit testimony that on November 8, 2012, S.C. told J.C. details about her previous sexual encounters with A.F. J.C. also testified about the conversation he had with S.C. and the details of their conversation about S.C.'s prior sexual partners and conduct. Although he acknowledged its general inadmissibility, the commissioner stated that the evidence of S.C.'s prior sexual history

2

was "directly relevant" to what happened on November 8, 2012, and that he couldn't "ignore it in this context." CP at 42. After hearing testimony from both parties, the commissioner denied S.C.'s petition for the SAPO, finding that the case relied on the parties' credibility, that he did not find other admitted evidence[1] from S.C. "helpful," and that S.C. had not met her evidentiary burden. CP at 77.

S.C. moved to revise the commissioner's decision, arguing, in part, that the commissioner had erred by admitting and considering S.C.'s prior sexual history under ER 412 and RCW 7.90.080. The superior court revised the commissioner's ruling and entered a protection order. Although the relaxed evidentiary rules in protection order proceedings apply primarily to hearsay, the superior court stated that the relaxed rules of ER 1104(c)(4) did not apply to all evidence. And as to whether the evidence of S.C.'s sexual history was admissible, the superior court stated that the admission of the evidence violated ER 412 and RCW 7.90.080. The court found that the commissioner used the ER 412 evidence for a prohibited purpose when he used it to make his credibility findings; that S.C.'s sexual history with another person was a "crucial piece" of evidence for the commissioner's decision; and that, ultimately, the sexual history evidence was irrelevant and "highly prejudicial." Report of Proceedings at 11-12. J.C. appeals.

ANALYSIS

J.C. argues that the superior court's decision to revise the commissioner's denial of the SAPO was improper because the superior court misinterpreted the applicability of ER 412 and RCW 7.90.080 and ignored the commissioner's credibility findings. Because the evidence of

---

[1] The commissioner admitted two exhibits offered by S.C.: A.F.'s declaration and a screen shot of an Instagram message posted from J.C.'s Instagram account. A.F.'s declaration, Exhibit 2, directly contradicted J.C.'s testimony that A.F. and J.C. had talked about and compared penis sizes. Exhibit 1 was an explicit Instagram post that S.C. offered to demonstrate her fear of J.C.

S.C.'s prior sexual conduct was inadmissible under ER 412 and RCW 7.90.080 and the superior court properly applied the de novo standard of review, we hold that the superior court properly revised the commissioner's ruling and issued the protection order.

## I. STANDARD OF REVIEW

Once the superior court makes a decision on revision, the appeal is from the superior court's decision, not the commissioner's. *State v. Ramer*, 151 Wn.2d 106, 113, 86 P.3d 132 (2004). We do not substitute our judgment for that of the superior court's. *Ramer*, 151 Wn.2d at 115. We defer to the superior court's findings of fact, and review a superior court's revision of a commissioner's ruling under RCW 2.24.050 for an abuse of discretion. *See In re Marriage of Dodd*, 120 Wn. App. 638, 644, 645, 86 P.3d 801 (2004).

## II. S.C.'s PRIOR SEXUAL CONDUCT

J.C. first argues that the superior court erred by misinterpreting ER 412 and RCW 7.90.080 and excluding S.C.'s prior sexual history because under ER 1101(c)(4), the evidence rules are relaxed in evidentiary hearings and the ER 412 evidence was relevant. We hold that the superior court did not err when it excluded the evidence of S.C.'s prior sexual conduct under ER 412 and RCW 7.90.080.

ER 1101(c)(4) governs the applicability of the Washington evidence rules to protection order proceedings: "other than with respect to privileges, the rape shield statute [RCW 9A.44.020] and ER 412," the rules of evidence, need not be applied. ER 412 generally prohibits evidence of prior sexual conduct in civil cases, stating, "[I]n any civil proceeding involving alleged sexual misconduct . . . (1) [e]vidence offered to prove that any alleged victim engaged in other sexual behavior [or] (2) [e]vidence offered to prove any alleged victim's sexual predisposition [is not admissible]." ER 412(b). Such evidence is only admissible when the

4

evidence is specifically at issue, is otherwise admissible, and is more probative than prejudicial. *See* ER 412(c).

In relation to sexual assault protection orders, RCW 7.90.080 prohibits the admission of any evidence of the petitioner's prior sexual conduct unless it is evidence of prior sexual conduct *with the respondent*, or if the admission of the evidence is constitutionally required. RCW 7.90.080(1). If the evidence is admissible, RCW 7.90.080(2) requires an offer of proof with specific information as to how and when the prior sexual conduct *with the respondent* occurred. Additionally, RCW 9A.44.020(2) prohibits the use of prior sexual conduct, or sexual propensity, to be admitted on the issue of credibility.

Despite J.C.'s argument that the rules of evidence are relaxed with regard to protection order proceedings, he is incorrect in extending the proposition to evidence of a victim's past sexual history. Under ER 1101(c)(4)'s relaxed evidentiary requirements in protection order proceedings, ER 412 still applies and evidence of prior sexual conduct is generally prohibited. Furthermore, J.C. argues that the evidence goes directly to S.C.'s credibility, but RCW 9A.44.020(2) prohibits using this type of evidence for this purpose. J.C. argues that S.C. cannot testify about what "occurred between her and J.C. on November 8, 2012, and then say, none of [the sexual history and conversation] is relevant and should be excluded." Br. of Appellant at 11. However, J.C. elicited the prior sexual history on cross-examination over the objections of counsel. There is nothing in the record indicating that S.C.'s sexual past was at issue, making it inadmissible under ER 412(b). Finally, the evidence of prior sexual history was with another person, not J.C., and was not probative of consent to sexual conduct with J.C.; as such, RCW 7.90.080 prohibits evidence of S.C.'s prior sexual conduct and evidence of her discussion of it with J.C.

Because the evidence was inadmissible under ER 412 and RCW 7.90.080, we hold that the superior court did not abuse its discretion by excluding the evidence of S.C.'s prior sexual history.

### III. SUPERIOR COURT'S STANDARD OF REVIEW

J.C. next argues that the superior court applied the improper standard of review when it ignored the commissioner's credibility findings. We hold that the superior court properly applied a de novo review standard.

RCW 2.24.050, which addresses the superior court's revision of a commissioner's decision, states in part, "[R]evision shall be upon the records of the case, and the findings of fact and conclusions of law entered by the court commissioner." The superior court reviews the commissioner's findings of fact and conclusions of law de novo based on the record before the commissioner, regardless of whether the commissioner heard live testimony. *Ramer*, 151 Wn.2d at 113. Protection orders are essentially a type of injunction, equitable in nature, and competent evidence sufficient to support the trial court's decision may be wholly documentary. *Blackmon v. Blackmon*, 155 Wn. App. 715, 721-22, 230 P.3d 233 (2010). Because it applies a de novo standard of review, the superior court is not required to defer to the discretion of the commissioner. *In re Marriage of R.E.*, 144 Wn. App. 393, 406, 183 P.3d 339 (2008); *Dodd*, 120 Wn. App. at 645.

The superior court made its own factual determinations and conclusions of law after a proper de novo review of the existing record. Under *Ramer* and its independent review of the record that was before the commissioner, the superior court was not required to defer to the commissioner's factual findings or credibility determinations. Here, as stated under *Blackmon*, the court properly applied the correct standard of review and referred only to the documentary

evidence, including the briefs, the clerk's papers, the original orders, and the hearing transcripts to make its determination. Because review of the documentary evidence was de novo, there was no requirement for the superior court to defer to the commissioner's credibility findings and it properly made its own independent factual findings and determinations. Thus, J.C.'s argument fails.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, J.

We concur:

WORSWICK, C.J.

LEE, J.