202 P.3d 325 (2009)
STATE of Washington, Appellant,
v.
Karen R. WALDON, Respondent.
No. 61019-8-I.
Court of Appeals of Washington, Division 1.
February 23, 2009.
*327 Charles Franklin Blackman, c/o Snohomish County Pros., Everett, WA, for Appellant.
Steven Gary Rosen, Attorney at Law, Seattle, WA, Ryan Boyd Robertson, Attorney at Law, Burien, WA, for Respondent.
Duane Michael Swinton, Steven Joseph Dixson, Attorney at Law, Spokane, WA, Amicus Curiae on behalf of Washington Coalition for Open Government.
LAU, J.
¶ 1 We are asked to determine the correct legal standard to apply when ruling on a motion to seal court records for a vacated criminal conviction under the current version of General Rule (GR) 15. Karen Waldon sought to have her 1985 theft conviction vacated and the court record sealed to assist her in finding new employment. Opposing Waldon's motion to seal, the State argued that trial courts are constitutionally required to construe GR 15 with the mandatory five-part individualized analysis articulated in Seattle Times Co. v. Ishikawa, 97 Wash.2d 30, 640 P.2d 716 (1982) and that Waldon failed to meet that standard. The trial court granted Waldon's motions to vacate and to seal the court records under GR 15. Concurrent with the sealing order, the court entered written findings of fact and conclusions of law. But it did not analyze the Ishikawa factors. We hold that trial courts must apply GR 15 and the Ishikawa factors in ruling on a motion to seal court records. Because the trial court did not apply the Ishikawa factors in determining whether to seal Waldon's court file, we reverse and remand to the trial court to apply the correct legal rule.

FACTS
¶ 2 In 1985, Karen Waldon was charged with one count of first degree theft. Waldon entered a plea of guilty, admitting that she misappropriated money from her employer. She received a deferred sentence. In 1990, the trial court granted Waldon's petition to withdraw her guilty plea, enter a plea of not guilty, and dismiss the cause. By 1993, Waldon had paid all restitution, and since then, she has not been charged or convicted of any crimes.
¶ 3 In August 2007, Waldon brought a motion to vacate her conviction, restore her firearm rights, and seal her court file. She claimed that revised GR 15 provides an alternate means of sealing court records, separate and distinct from Ishikawa. Waldon argued that she met the standard for sealing because a vacated conviction constitutes a sufficient privacy interest that outweighs the public interest. She further argued that compelling circumstances existed to seal her court records because she was about to reenter the job market after ten year's working as a client services manager, and her theft conviction would severely limit her chances of finding employment.[1]
*328 ¶ 4 The State agreed with Waldon's motion to vacate and restore firearm rights, but opposed her motion to seal. The State argued that revised GR 15 cannot dilute or supplant the constitutionally mandated Ishikawa analysis, under which Waldon failed to meet her burden to justify sealing because the potential effect of a vacated theft conviction on her upcoming job search was too speculative and insufficient to overcome the public interest in open records. The State further argued that vacating Waldon's conviction was sufficient relief that comprised a less restrictive remedy and that Waldon should wait and see how that works before seeking to have her court record sealed.
¶ 5 The trial court granted Waldon's unopposed motion to vacate and restore firearm rights, but took the motion to seal under advisement. In November 2007, the trial court granted Waldon's motion to seal, finding that "[s]ufficiently compelling privacy or safety concerns outweigh the public interest in access to the court records." Clerk's Papers at 8. The State appealed the sealing order.[2]

ANALYSIS
¶ 6 The sole question presented is whether the trial court erred in granting Waldon's motion to seal her vacated record of conviction under revised GR 15 without incorporating the Ishikawa factors into its analysis.[3]
¶ 7 The legal standard for sealing or unsealing records is an issue of law reviewed de novo. In re Marriage of Treseler and Treadwell, 145 Wash.App. 278, 283, 187 P.3d 773 (2008). "We review a trial court's decision to seal records for abuse of discretion." State v. McEnry, 124 Wash.App. 918, 923-24, 103 P.3d 857 (2004). But if the trial court applied an incorrect legal rule, the appellate court remands for application of the correct rule. Rufer v. Abbott Labs., 154 Wash.2d 530, 540, 114 P.3d 1182 (2005).
¶ 8 Article I, section 10 of the Washington Constitution provides, "Justice in all cases shall be administered openly, and without unnecessary delay." Compliance is mandatory. State v. Duckett, 141 Wash.App. 797, 804, 173 P.3d 948 (2007) (citing Rauch v. Chapman, 16 Wash. 568, 575, 48 P. 253 (1897)). Article I, section 10 ensures public access to court records as well as court proceedings. Dreiling v. Jain, 151 Wash.2d 900, 908, 93 P.3d 861 (2004).
¶ 9 "In determining whether court records may be sealed from public disclosure, we start with the presumption of openness." Rufer, 154 Wash.2d at 540, 114 P.3d 1182.
The open operation of our courts is of utmost public importance. Justice must be conducted openly to foster the public's understanding and trust in our judicial system and to give judges the check of public scrutiny. Secrecy fosters mistrust. This openness is a vital part of our constitution and our history.
Dreiling, 151 Wash.2d at 903-04, 93 P.3d 861. The public's right of access is not absolute. It may be limited "to protect other significant and fundamental rights." Id. at 909, 93 P.3d 861. But "any limitation must be carefully considered and specifically justified." Id. at 904, 93 P.3d 861.
¶ 10 In Federated Publ'ns, Inc. v. Kurtz, 94 Wash.2d 51, 62-63, 615 P.2d 440 (1980), the Washington Supreme Court announced guidelines for trial courts to follow in balancing competing constitutional interests in suppression hearing closure questions. Two years later, in Ishikawa, the Washington Supreme Court expanded Kurtz by setting forth five factors that a trial court must consider in deciding whether a motion to restrict access to court proceedings or records meets constitutional requirements.
1. The proponent of closure and/or sealing must make some showing of the need therefor. In demonstrating that need, the movant should state the interests or rights which give rise to that need as specifically as possible without endangering those interests....

*329 If closure and/or sealing is sought to further any right or interest besides the defendant's right to a fair trial, a "serious and imminent threat to some other important interest" must be shown.
. . . .
2. "Anyone present when the closure [and/or sealing] motion is made must be given an opportunity to object to the [suggested restriction]." ...
3. The court, the proponents and the objectors should carefully analyze whether the requested method for curtailing access would be both the least restrictive means available and effective in protecting the interests threatened.... If the endangered interests do not include the defendant's Sixth Amendment rights, that burden rests with the proponents.
4. "The court must weigh the competing interests of the defendant and the public", and consider the alternative methods suggested. Its consideration of these issues should be articulated in its findings and conclusions, which should be as specific as possible rather than conclusory.
5. "The order must be no broader in its application or duration than necessary to serve its purpose ..." If the order involves sealing of records, it shall apply for a specific time period with a burden on the proponent to come before the court at a time specified to justify continued sealing.
Ishikawa, 97 Wash.2d at 37-39, 640 P.2d 716 (internal citations omitted; emphasis added).
¶ 11 GR 15(a) "sets forth a uniform procedure for the destruction, sealing, and redaction of court records...." Former GR 15, which was initially adopted in 1989, provided the following procedure for requesting the sealing of court records in a criminal case:
Sealing of Files and Records. Subject to the provisions of RCW 4.24 and CR 26(j), on motion of any interested person in a criminal case or juvenile proceeding, or on the court's own motion, and after a hearing, the court may order the files and records in the proceeding, or any part thereof, to be sealed if the court finds that such action is expressly permitted by statute or that there are compelling circumstances requiring such action. Reasonable notice of the hearing shall be given by the moving party to: (1) the prosecuting authority of the city or county; (2) the affected adult or juvenile defendant; (3) the victim, if ascertainable; and (4) the person or agency having probationary, custodial, community placement, or community supervision over the affected adult or juvenile defendant.
GR 15(c)(1)(B) (emphasis added).
¶ 12 GR 15 was substantially revised in July 2006. "For all practical purposes, the 2006 version of GR 15 is an entirely new rule.... Some of the new provisions are procedural. Others are more substantive and establish standards for determining whether a court file should be destroyed, sealed or redacted." 2 KARL B. TEGLAND, WASHINGTON PRACTICE: RULES PRACTICE GR 15 author's cmts. to drafters' cmts. at 16 (6th ed. Supp.2008).
¶ 13 Revised GR 15, which applies to Waldon's case, provides in relevant part,
GR 15(c) Sealing or Redacting Court Records.
(1) In a civil case, the court or any party may request a hearing to seal or redact the court records. In a criminal case or juvenile proceeding, the court, any party, or any interested person may request a hearing to seal or redact the court records. Reasonable notice of a hearing to seal must be given to all parties in the case. In a criminal case, reasonable notice of a hearing to seal or redact must also be given to the victim, if ascertainable, and the person or agency having probationary, custodial, community placement, or community supervision over the affected adult or juvenile defendant. No such notice is required for motions to seal documents entered pursuant to CrR 3.1(f) or CrRLJ 3.1(f).
(2) After the hearing, the court may order the court files and records in the proceeding, or any part thereof, to be sealed or redacted if the court makes and enters written findings that the specific sealing or redaction is justified by identified compelling privacy or safety concerns that outweigh the public interest in access to the *330 court record. Agreement of the parties alone does not constitute a sufficient basis for the sealing or redaction of court records. Sufficient privacy or safety concerns that may be weighed against the public interest include findings that:
A. The sealing or redaction is permitted by statute; or
B. The sealing or redaction furthers an order entered under CR 12(f) or a protective order entered under CR 26(c); or
C. A conviction has been vacated; or
D. The sealing or redaction furthers an order entered pursuant to RCW 4.24.611; or
E. The redaction includes only restricted personal identifiers contained in the court record; or
F. Another identified compelling circumstance exists that requires the sealing or redaction.
(3) A court record shall not be sealed under this section when redaction will adequately resolve the issues before the court pursuant to subsection (2) above.
(Emphasis omitted.) The revised rule goes on to provide detailed procedures that the court clerk must follow regarding entry of orders to seal an entire file, orders to seal specified court records, and orders to redact. GR 15(c)(4)-(6). For vacated criminal convictions in which an order to seal has been entered, the revised rule specifies that "the information in the public court indices shall be limited to the case number, case type with the notation `DV' if the case involved domestic violence, the defendant's name, and the notation `vacated.'" GR 15(d) (emphasis omitted).
¶ 14 For nearly three decades, Ishikawa has served as the benchmark constitutional analysis regarding attempts to restrict access to courtroom proceedings or records.[4]See, e.g., In re Pers. Restraint of Orange, 152 Wash.2d 795, 822, 100 P.3d 291 (2004); State v. Bone-Club, 128 Wash.2d 254, 258-59, 906 P.2d 325 (1995); Allied Daily Newspapers v. Eikenberry, 121 Wash.2d 205, 848 P.2d 1258 (1993). The analysis is the same, whether under article 1, section 10 or article 1, section 22. State v. Easterling, 157 Wash.2d 167, 175, 137 P.3d 825 (2006). Courts do not hesitate to invalidate rules or statutes that prevent compliance with Ishikawa's constitutional inquiry. Eikenberry, 121 Wash.2d at 212, 848 P.2d 1258; In re Detention of D.F.F., 144 Wash.App. 214, 220, 183 P.3d 302, review granted, 164 Wash.2d 1034, 197 P.3d 1185 (2008).
¶ 15 Washington courts have repeatedly construed the standard for sealing court documents under GR 15  both before and after the 2006 revisions  as subject to the five-part Ishikawa analysis. Rufer, 154 Wash.2d at 549, 114 P.3d 1182 (documents filed with court in anticipation of a court decision, whether dispositive or not); Dreiling v. Jain, 151 Wash.2d at 915, 93 P.3d 861 (documents filed in support of dispositive motions); In re Dependency of J.B.S., 122 Wash.2d 131, 139, 856 P.2d 694 (1993) (appellate review of a dependency proceeding); Treseler v. Treadwell, 145 Wash.App. at 286-87, 187 P.3d 773 (documents filed in dissolution proceeding); Duckett, 141 Wash.App. at 808, 173 P.3d 948 (reading GR 31's juror privacy interests in accord with GR 15); State v. McEnry, 124 Wash.App. 918, 925-26, 103 P.3d 857 (2004) (sealing file after all judicial proceedings have concluded). None of the post-2006 cases, however, has expressly considered whether revised GR 15 may constitutionally supplant Ishikawa.
¶ 16 The State argues that revised GR 15  standing alone  falls short of the constitutional benchmark defined by Ishikawa. It therefore contends that the revised rule must be harmonized with Ishikawa to pass constitutional *331 muster. Conversely, Waldon argues that revised GR 15 meets constitutional requirements, thereby rendering Ishikawa unnecessary.
¶ 17 "`The construction of court rules is governed by the principles of statutory construction.'" State v. Kennar, 135 Wash.App. 68, 73, 143 P.3d 326 (2006) (quoting State v. Hutchinson, 111 Wash.2d 872, 877, 766 P.2d 447 (1989)), review denied, 161 Wash.2d 1013, 166 P.3d 1218 (2007). "Our primary duty is to give effect to the Supreme Court's intent." Id. "Where a statute or rule is unambiguous, the drafter's intent is determined from the language of the rule." State v. Whelchel, 97 Wash.App. 813, 817, 988 P.2d 20 (1999). Statutes are presumed constitutional as written and should be construed to be constitutional if possible. State v. Rudolph, 141 Wash.App. 59, 64, 168 P.3d 430 (2007). "[A] court rule will not be construed to circumvent or supersede a constitutional mandate." Duckett, 141 Wash.App. at 808, 173 P.3d 948.
¶ 18 We conclude that revised GR 15, standing alone, does not meet the constitutional benchmark established by Ishikawa.
¶ 19 Revised GR 15 provides that the court may order sealing or redaction upon written findings that it is "justified by identified compelling privacy or safety concerns" and includes a list of six "[s]ufficient privacy or safety concerns that may be weighed against the public interest."[5] GR 15(c)(2) (emphasis omitted). But the first Ishikawa factor specifies that for any right or interest other than the defendant's right to a fair trial, the moving party must establish a "serious and imminent threat to some other important interest." This requires a showing that is more specific, concrete, certain, and definite than a "compelling" concern.[6]
¶ 20 The second Ishikawa factor requires that anyone present when the sealing motion is made must be given an opportunity to object and that the proponent must state the grounds for the motion with reasonable specificity. Revised GR 15 does require that reasonable notice be given to all parties, but it is silent regarding the opportunity to object. Nor does the revised rule include the "reasonable specificity" standard.
¶ 21 The third Ishikawa factor requires that the court impose the "least restrictive means" necessary to protect the threatened interests and specifies that the burden rests with the proponent unless Sixth Amendment rights are implicated. But revised GR 15 states only that "[a] court record shall not be sealed under this section when redaction will adequately resolve the issues...." GR 15(c)(3). And it is silent regarding which party bears the burden of proof on this issue.
¶ 22 The fourth Ishikawa factor describes the balancing test. It requires that the court weigh the competing interests of the defendant and the public, consider the suggested alternatives, and articulate its findings and conclusions as specifically as possible. Revised GR 15 does require the trial court to enter "written findings that the sealing or redaction is justified by identified compelling privacy or safety concerns that outweigh the public interest in access to the court record." GR 15(c)(2). But it does not contain the specificity requirement.
¶ 23 The fifth Ishikawa factor specifies, "`The order must be no broader in its application or duration than necessary to serve its purpose ...' ... it shall apply for a specific time period with a burden on the proponent to come before the court at a time specified to justify continued sealing." Federated Publ'ns, Inc. v. Kurtz, 94 Wash.2d 51, 62-63, *332 615 P.2d 440 (1980), Revised GR 15 does not contain equivalent restrictions.
¶ 24 The Judicial Information Systems Committee (JISC) GR 9 disclosure form regarding proposed GR 15 amendments provides some insight into the Washington Supreme Court's intent regarding the 2006 amendments to GR 15. The previous version of GR 15 was "criticized as giving insufficient guidance to the trial courts and trial attorneys." Wash. St. Reg. XX-XX-XXX (June 2, 2005). In response, a work group consisting of several judges, lawyers, court clerks, a court commissioner, and a media representative was formed to draft amendments to the rule. Id. These changes were ultimately adopted by the Washington Supreme Court. Significantly, the comments are silent regarding any impact of the revised rule on nearly three decades of case law mandating application of the Ishikawa factors in analyzing a motion to seal court records.[7] This omission strongly suggests that the JISC and the Washington Supreme Court did not intend revised GR 15 to displace Ishikawa.
¶ 25 Similarly, editorial commentary regarding revised GR 15 states that the rule was revised in response to Rufer and Dreiling and expressly states, "Prior to entering an order authorizing the sealing of documents, the court must make, in writing, the findings required by the five-factor Ishikawa test set forth above." 1 Wash. Court Rules Ann. GR 15 cmt. at 26 (2d ed.2006-07).
¶ 26 Waldon argues that revised GR 15 is clear and not in need of judicial interpretation. She contends that cases requiring trial courts to construe former GR 15 with Ishikawa are inapplicable to the revised rule, which expressly incorporates a balancing test. According to Waldon, it is unnecessary to address the State's appeal as a constitutional challenge. But even clear, unambiguous rules must comply with constitutional requirements. The constitutional standard for restricting access to court proceedings and records is articulated in Ishikawa and its progeny. Court rules cannot be interpreted to circumvent or supersede constitutional mandates. Duckett, 141 Wash.App. at 808, 173 P.3d 948.
¶ 27 Waldon relies primarily on In re Marriage of R.E., 144 Wash.App. 393, 183 P.3d 339 (2008) for the rationale that Ishikawa need not be construed with revised GR 15. In R.E., a former wife moved to unseal her marriage dissolution file. The court unsealed the file, except for 39 documents that remained sealed to protect the privacy of the children. Id. at 397-98, 183 P.3d 339. The former husband appealed, arguing that RCW 26.12.080 gave the court discretion to seal all documents related to the children. We declined to adopt a different standard for sealing records in family law cases. We then concluded that "when a party moves to unseal records that were sealed under the former rule and the original sealing order does not conform to the current rule, it is not appropriate to apply the current standard for unsealing." Id. at 403, 183 P.3d 339. Rather, the unsealing proponent may show that the original order was unjustified or overbroad in light of the standards articulated in the new rule. Waldon contends that the R.E. court properly applied revised GR 15 without reference to Ishikawa. But the issue of whether revised GR 15 must be construed with Ishikawa was not before us in R.E.
¶ 28 Waldon also relies on In re Dependency of G.A.R., 137 Wash.App. 1, 11-13, 150 P.3d 643 (2007) for the proposition that revised GR 15 and Ishikawa are alternate analytical routes for determining whether to seal court records. In G.A.R., we held that "`the record, briefs, and arguments in an appellate review of a dependency determination are open to the public unless a motion is granted under GR 15 or Ishikawa to close the proceedings.'" Id. at 12, 150 P.3d 643 (quoting In re Dependency of J.B.S., 122 Wash.2d 131, 856 P.2d 694 (1993)). But we recited the Ishikawa factors in determining that the verbatim reports could be sealed under GR 15 or Ishikawa. And as with R.E., the constitutionality of revised GR 15 was not at issue.
*333 ¶ 29 We conclude that revised GR 15 cannot constitutionally serve as a stand-alone alternative to Ishikawa. Both the State and amicus argue that the revised rule can be harmonized with Ishikawa to preserve its constitutionality. We agree.
¶ 30 Revised GR 15(c)(2) states that sealing or redaction must be "justified by identified compelling privacy or safety concerns that outweigh the public interest." (Emphasis omitted.) The rule then provides a list of six "[s]ufficient privacy or safety concerns that may be weighed against the public interest."[8] This does not create a presumption that the movant can satisfy the compelling interest standard merely by showing that one or more of these concerns are present in her case. Rather, the rule recognizes that these are important concerns to be considered by the trial court, along with the Ishikawa factors, in ruling on a motion to seal.
¶ 31 For example, one of the "sufficient" privacy concerns in the revised rule is a finding that a conviction has been vacated. The vacation statute "`is a legislative expression of public policy ... [that] a deserving offender [is restored] to his [or her] preconviction status as a full-fledged citizen.'" State v. Breazeale, 144 Wash.2d 829, 838, 31 P.3d 1155 (2001) (quoting Matsen v. Kaiser, 74 Wash.2d 231, 237, 443 P.2d 843 (1968)). But "[a]lthough [the vacation statute] grants an offender the right to state that he or she has never been convicted, it does not explicitly authorize trial courts to seal an offender's criminal court records without first considering the public's constitutional right of access." McEnry, 124 Wash.App. at 927, 103 P.3d 857 (holding that the trial court erred in relying on the vacation statute to find a compelling interest justifying sealing, rather than applying Ishikawa). Although a vacated judgment is included in the rule's list of six sufficient privacy concerns, revised GR 15 merely acknowledges what the legislature has expressed: a vacated conviction is an important interest. It does not foreclose application of Ishikawa in determining whether sealing or redaction meets constitutional requirements.
¶ 32 Accordingly, when a trial court finds that the sealing proponent meets one or more of the listed criteria, the court can comply with Ishikawa by analyzing whether the identified compelling concern also poses a serious and imminent threat. The remainder of the Ishikawa factors can be applied as they were with the former rule.[9]
¶ 33 In sum, revised GR 15 does not fully comply with the constitutional benchmark defined in Ishikawa. But it can be harmonized with Ishikawa to preserve its constitutionality. We conclude that GR 15 and Ishikawa must be read together when ruling on a motion to seal or redact court records. We reverse and remand to the trial court to apply the correct legal rule.[10]
WE CONCUR: COX and BECKER, JJ.
NOTES
[1] Waldon also argued that sealing was separately authorized pursuant to RCW 9.94A.640, the statute governing vacation of an offender's record of conviction. She has abandoned that argument on appeal.
[2] The Washington Coalition for Open Government also filed a brief as amicus curiae.
[3] It is undisputed that the trial court did not apply the Ishikawa factors in granting Waldon's motion to seal.
[4] Opinions citing Ishikawa sometimes summarize or reiterate the Ishikawa factors in slightly different ways. For example, in Dreiling, the Washington Supreme Court expressly reiterated that Ishikawa provides the appropriate analytical approach for ruling on a motion to seal and quoted an abbreviated version of the Ishikawa factors. In so doing, the court omitted without explanation the "serious and imminent threat of harm" language from the first factor. Several published opinions since then have cited Dreiling's abbreviated version of the Ishikawa factors. See, e.g., Rufer, 154 Wash.2d at 530, 114 P.3d 1182; In re R.E., 144 Wash.App. 393, 399, 183 P.3d 339 (2008). But there is nothing in Dreiling or Rufer to suggest that the Washington Supreme Court intended to overrule Ishikawa's "serious and imminent threat" requirement.
[5] The origins of this phrase are unclear. It does not appear in case law prior to the 2006 revision of GR 15.
[6] The standard for sealing is often referred to as a "compelling interest test." But this standard is construed with the "serious and imminent threat" requirement of Ishikawa. See, e.g., Rufer, 154 Wash.2d at 534, 114 P.3d 1182 ("documents filed with the court will presumptively be open to the public unless compelling reasons for closure exist consistent with the [Ishikawa] standards"); Bone-Club, 128 Wash.2d at 258, 906 P.2d 325 ("`The proponent of closure or sealing must make some showing [of a compelling interest], and where that need is based on a right other than an accused's right to a fair trial, the proponent must show a "serious and imminent threat" to that right.'") (quoting Eikenberry, 121 Wash.2d at 210, 848 P.2d 1258).
[7] The comments note that "redaction" was added to the rule and treated similarly to "seal" in response to Dreiling and that "[v]acated criminal convictions were addressed separately in response to RCW 9.94A.230(3) and the Supreme Court's interpretation of this statute in State v. Breazeale, 144 Wash.2d 829, 837-38, 31 P.3d 1155, 1159 (2001)." Id.
[8] The trial court found that two of these six criteria applied to Waldon: her "conviction had been vacated" (GR 15(c)(2)(C)) and "another identified compelling circumstance exists that requires the sealing or redaction" (GR 15(c)(2)(F)).
[9] Although we do not condemn trial courts' general reliance on form orders, we note that the form order used in this case misstates the legal standard to be applied when deciding motions to seal. For example, the current form fails to include the "serious and imminent threat" and temporal factors. The form should be revised to conform with the particularized showing required under the five-part Ishikawa analysis.
[10] The State contends that even applying Ishikawa, Waldon cannot satisfy the requirements for sealing. But because the trial court rested its decision to seal on an improper legal rule, the appropriate remedy is to remand to the trial court to apply the correct legal rule. McEnry, 124 Wash.App. at 924, 103 P.3d 857 (citing Dreiling, 151 Wash.2d at 907, 93 P.3d 861). We therefore do not address whether the sealing order is proper under Ishikawa.