IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 33064-8-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN DOE 1, | ) | PUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |
| | ) | |
| JOHN DOE 1, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PROSECUTING ATTORNEY OF | ) | |
| BENTON COUNTY | ) | |
| | ) | |
| Respondent. | ) | |

KORSMO, J. — This court accepted review of petitioner John Doe's challenge to a trial court decision refusing to accept redacted filings in his petition for relief from registration as a sexual offender. Believing that Doe has identified a legally sufficient basis for relief, we remand for the trial court to conduct the remainder of the analysis required before sealing or redacting materials within a court record.

FACTS

This action is a spin-off of a case pending in the Washington Supreme Court, *John Doe A, et al. v. Washington State Patrol and Donna Zink*, no. 90413-8 (argued September 17, 2015). In that action, several level one sex offenders in the Benton-Franklin County area obtained permanent injunctions to prevent release of their sex offender registration information to Ms. Zink. She had sought the information under the Public Records Act (PRA), chapter 42.56 RCW, in order to post the names of all level one sex offenders living in the area.[1] The names of level one sex offenders typically are not released to the public; those who successfully obtained the injunction were permitted to proceed anonymously.

Petitioner John Doe in this case is one of the John Does who obtained an injunction in the *Washington State Patrol* action. Convinced that he satisfied the requisites for relief from further sex offender registration, he filed the current petition after first obtaining permission from a superior court judge to file the petition as a civil action under the pseudonym of John Doe.

Doe subsequently filed a motion to redact all identifying information from the documents he would need to file to support his petition, or alternatively seal the court file, noting the threat of Ms. Zink identifying him as a level one sex offender if his

---

[1] Ms. Zink has made similar PRA requests in other counties.

identity was discernable from the court file. The prosecutor opposed the request and the matter went to hearing before a different judge.

The trial court rejected the request to submit redacted documents, finding the case indistinguishable from *State v. McEnry*, 124 Wn. App. 918, 103 P.3d 857 (2004). Noting that this case was "piggy-backing" onto the pending PRA case, the court concluded that it "cannot find that there is a serious or imminent threat to some in-court interest of John Doe." Report of Proceedings at 15. A written order was entered denying the motion, but allowing petitioner to file additional motions supported by new declarations. Clerk's Papers at 63.

After accepting review, this court heard oral argument. Counsel for Doe advised the panel that if the trial court's ruling withstood appellate review, his client would withdraw the petition in order to maintain his privacy.

ANALYSIS

This appeal presents the sole issue of whether Doe established that a serious and imminent threat to an important interest existed. We conclude that he did and remand for the trial court to consider whether or not to grant his motion.

This case sits at one corner of the intersection of sex offender registration law and a court's open records obligations. A person convicted of a sexual offense has a duty to register with local law enforcement. RCW 9A.44.130. The Washington State Patrol is required to maintain a central registry of all sex offenders based upon information

forwarded by the county sheriffs. RCW 43.43.540. The county sheriff must assess all local registered sex offenders and assign them to one of three categories based on the risk of reoffense. RCW 4.24.550; .5501. Local law enforcement is authorized to release the names of offenders placed in the level two or level three categories. However, except to a small category of people including victims or witnesses, law enforcement is not permitted to release the names of those in level one, which is the category considered least likely to reoffend, unless those persons are out of compliance with their registration obligations. RCW 4.24.550(5)(a). Any offender who satisfies the statutory requirements can be relieved of the obligation to register. RCW 9A.44.142-.143. The action for relief from registration typically is filed in the county where the offense giving rise to the obligation to register was prosecuted. RCW 9A.44.142(3); .143(4).

Court files are presumptively open to the public. *City of Federal Way v. Koenig*, 167 Wn.2d 341, 217 P.3d 1172 (2009); *Nast v. Michels*, 107 Wn.2d 300, 303-04, 730 P.2d 54 (1986). Efforts to seal or redact a court record are controlled by GR 15. The sealing procedure is set forth in GR 15(c), which in relevant part[2] states:

> **(c) Sealing or Redacting Court Records.**
> (1) In a civil case, the court or any party may request a hearing to seal or redact the court records. In a criminal case or juvenile proceedings, the court, any party, or any interested person may request a hearing to seal or redact the court records. Reasonable notice of a hearing to seal must be given to all parties in the case. In a criminal case, reasonable notice of a

---

[2] The remaining sections of GR 15(c) deal with the court clerk's response to sealing or redaction orders.

4

hearing to seal or redact must also be given to the victim, if ascertainable, and the person or agency having probationary, custodial, community placement, or community supervision over the affected adult or juvenile. No such notice is required for motions to seal documents entered pursuant to CrR 3.1(f) or CrRLJ 3.1(f).

(2) After the hearing, the court may order the court files and records in the proceeding, or any part thereof, to be sealed or redacted if the court makes and enters written findings that the specific sealing or redaction is justified by identified compelling privacy or safety concerns that outweigh the public interest in access to the court record. Agreement of the parties alone does not constitute a sufficient basis for the sealing or redaction of court records. Sufficient privacy or safety concerns that may be weighed against the public interest include findings that:

(A) The sealing or redaction is permitted by statute; or

(B) The sealing or redaction furthers an order entered under CR 12(f) or a protective order entered under CR 26(c); or

(C) A conviction has been vacated; or

(D) The sealing or redaction furthers an order entered pursuant to RCW 4.24.611; or

(E) The redaction includes only restricted personal identifiers contained in the court record; or

(F) Another identified compelling circumstance exists that requires the sealing or redaction.

(3) A court record shall not be sealed under this section when redaction will adequately resolve the issues before the court pursuant to subsection (2) above.

Whether a file can be sealed or redacted is subject to the same five-factor test that is used for determining the propriety of a courtroom closure stated in *Seattle Times Co. v. Ishikawa*, 97 Wn.2d 30, 640 P.2d 716 (1982). *See Dreiling v. Jain*, 151 Wn.2d 900, 904, 93 P.3d 861 (2004). Those factors are: (1) the proponent of closure must make a showing of compelling need, (2) any person present when the motion is made must be given an opportunity to object, (3) the means of curtailing open access must be the least

5

restrictive means available for protecting the threatened interests, (4) the court must weigh the competing interests of the public and of the closure, and (5) the order must be no broader in application or duration than necessary. *Ishikawa*, 97 Wn.2d at 37-39.

When a trial court applies the proper legal analysis, its decision on a sealing motion is reviewed for abuse of discretion. *Dreiling*, 151 Wn.2d at 907. Discretion is abused when it is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

The essence of Doe's complaint is that the statutory protection from disclosure of his level one status will be undone by the exercise of his statutory right to seek relief from that status. While that same problem will occur with all level one offenders who seek relief from registration, Doe contends his situation presents a showing of particularized risk due to Ms. Zink's on-going efforts to learn his identity.

Here, the trial court, relying on the decision in *McEnry*, concluded that Doe did not satisfy the first *Ishikawa* factor—a showing of compelling need. We believe Doe made a stronger and more particularized showing than occurred in *McEnry* and conclude that he did satisfy the first prong of the *Ishikawa* standard.

In *McEnry* the defendant had been convicted of unlawful manufacture of marijuana and unlawful possession of a firearm. 124 Wn. App. at 921. After completing his sentence obligations and obtaining a certificate of discharge, he moved to vacate the convictions and seal the court file. The prosecution did not oppose the motion to vacate,

6

but did challenge the sealing request, contending that there were no compelling circumstances to justify sealing the file. *Id.* Mr. McEnry argued that a potential employer conducting a background check might discover the information, but indicated he did not expect that his current employer would do so. *Id.* The trial court granted the motion to seal, noting that while the conviction would not affect either McEnry's employment or housing, it might cause harm in his business or personal life. *Id.* at 921-22.

On appeal, Division Two of this court concluded that the defendant failed to show that there was a "'serious and imminent' threat to an important interest." *Id.* at 926 (quoting *Ishikawa*, 97 Wn.2d at 37). As the defendant conceded that there was no pending records check by his employer and had argued only that discovery of the conviction "could" affect the employment, there was no showing of harm. *Id.* The sealing order was reversed. *Id.* at 927-28.

Unlike *McEnry*, here Doe established that there was a specific threat to an important personal interest, the nondisclosure of his identity as a level one offender. In light of the efforts being made to obtain the identity of every level one sex offender, the trial court concluded that Doe's interest was simply one held in common by all level one offenders. Given the broad scope of Ms. Zink's requests, the trial court's assessment of the situation is understandable. For two reasons, however, we do not believe that observation is controlling here. First, the two actions are distinct. The pending *Washington State Patrol* case is an action to obtain the names of all level one offenders in

7

the central registry. The outcome of that case will not control the outcome of this one, which will determine whether Doe's name should remain on the registry. The disclosure or nondisclosure of the names will not affect whether Doe has satisfied the statutory requirements for relief from registration.

Second, Doe established in the *Washington State Patrol* action a sufficient threat to his individual interest to obtain a permanent injunction against Ms. Zink. That showing set him apart from most of the other level one offenders. There the trial court concluded that threat to Doe's privacy interest was sufficiently genuine to enjoin the disclosure.[3] Under those circumstances, we believe Doe has established a specific threat to his personal interest in the nondisclosure of his level one status that satisfies the first prong of the *Ishikawa* analysis in this case. His right to obtain relief from registration has been chilled by the threat of the possible disclosure of his identity in the course of processing his petition.

Because it found no privacy interest, the trial court did not consider the other *Ishikawa* factors, and in particular did not balance Doe's interest with the public's interest in disclosure under the fourth *Ishikawa* factor. It is the trial court's job to give weight to the individual interest and consider that weight against the public interest. *McEnry*, 124

---

[3] Since Doe has a statutory right against nondisclosure, we necessarily reject any suggestion that only his "in-court" rights can be considered. Since the parties do not address that aspect of the trial court's ruling, we likewise do not further consider that matter.

No. 33064-8-III
*John Doe v. Benton County*

Wn. App. at 926. The trial court may accord Doe's interest little weight in light of the fact that his criminal file (presumably) remains open to the public. It might accord his statutory privacy right great weight, or perhaps somewhere between those two positions. It likewise might not consider the public interest that strong in light of the statutory policy interests at issue, or it might accord the public interest great weight. These decisions we leave in the first instance to the trial court's balancing process.

The case is remanded for further proceedings consistent with this opinion.

_____
Korsmo, J.

WE CONCUR:

_____
Siddoway, C.J.

_____
Lawrence-Berrey, J.

9