IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In re the Matter of Personal Restraint Petition of | ) ) ) | No. 39851-0-III |
| Bryan Paul Hernandez. | ) ) ) | UNPUBLISHED OPINION |

FEARING, J. — On July 13, 2023, Bryan Hernandez initiated this personal restraint petition to gain vacation of his conviction for assault, based on a plea of guilty, entered on November 6, 2019. The city of Kennewick prosecuted the assault charges against Hernandez. Hernandez claims his incompetency at the time of his 2019 plea voids the conviction. We dismiss his petition based on the time bar of one year found in RCW 10.73.090. We also deny his motion to seal records.

The city of Kennewick concedes the incompetency of Bryan Hernandez at the time of his 2019 conviction. Kennewick asks this court to grant Hernandez's petition or, in the alternative, to vacate Hernandez's conviction under RCW 10.77.050 and Criminal Rule for Courts of Limited Jurisdiction (CrRLJ) 7.8(b)(5). Because the district court, not this court, possesses authority to vacate the conviction under the statute and court rule, we deny Kennewick's substitute request.

FACTS

The prosecution against Bryan Hernandez (Hernandez) arises from his assault on Suzanne Tosten (Tosten), his mother, on August 17, 2018. Hernandez has "high functioning" autism. According to Paul Hernandez (Paul), Hernandez's father, Hernandez can become violent when confronted. A mental health facility had recently removed Hernandez because he, when angry, broke the arm of one of the facility's employees.

On August 17, Bryan Hernandez grew angry because of a malfunction with his computer. In anger, Hernandez punched holes in his family home's walls, damaged a stair railing, and removed the door to his bedroom. When his mother tried to call 911, he attacked her. Both Hernandez and Suzanne Tosten were transported to the hospital for medical treatment.

The city of Kennewick Police Department charged Bryan Hernandez, in Benton County District Court, with one count of simple assault for tackling his mother on August 17, 2018. Kennewick does not operate its own municipal court, but instead enforces its ordinances in Benton County District Court. On August 20, the district court arraigned Hernandez and appointed Nicholas Blount as defense attorney. The court also scheduled Hernandez's first pretrial hearing for September 12 and released him on his own personal recognizance. On September 12, 2018, the court scheduled Hernandez's second pretrial hearing for October 24.

On October 8, 2018, Tara Symons, Mental Health Court (MHC) manager, informed Camille Gonzalez, Kennewick city prosecutor, and Nicholas Blount that Bryan Hernandez had been diagnosed with major depressive disorder, bipolar disorder, obsessive compulsive disorder (OCD), and autism. Symons added that Hernandez received case management services, resided at a developmental disability administration (DDA) facility, and, because of his developmental disabilities, remained eligible for enrollment at Kamiakin High School and Tri-Tech Skills Center. Symons advised that MHC would benefit Hernandez.

On October 27, 2018, prosecutor Camille Gonzalez filed a motion and order for transfer to MHC. The Benton County District Court granted the motion and signed an order for transfer that same day. The case's transfer to MHC transferred prosecution responsibilities to the Benton County Prosecutor's Office and switched defense obligations to a new defense counsel. With the transfer, the Benton County District Court signed a 24-month MHC stipulated order for continuance (SOC).

A year later, on November 1, 2019, the Benton County District Court issued a $5,000 bench warrant for Bryan Hernandez. The available record is silent with respect to why the court issued the warrant, but the city of Kennewick asserts its issuance resulted from the trial court judge learning that the Benton County Prosecutor's Office was charging Hernandez, in Benton County Superior Court, with one count of third degree assault under a separate prosecution.

The prosecution of Bryan Hernandez for assaulting his mother returned to the Benton County District Court and prosecution duties reverted back to the city of Kennewick. On November 6, 2019, Bryan Hernandez pled guilty to simple assault under in this Benton County District Court prosecution. On pleading guilty, the district court revoked Hernandez's SOC and sentenced him to 364 days of jail time with 364 days suspended.

On November 7, 2019, the Benton County Prosecutor's Office requested a competency evaluation of Bryan Hernandez in the separate Benton County Superior Court prosecution. The State later dismissed the charge of third degree assault because Hernandez was found not capable of restoration to competency. Neither party has provided to us any pleadings from the Benton County Superior Court case.

PROCEDURE

On July 10, 2023, Bryan Hernandez filed this personal restraint petition. He sought vacation of his assault conviction prosecuted by the city of Kennewick in Benton County District Court. He contends he was incompetent throughout the entire prosecution.

On September 22, 2023, this court wrote a letter to Bryan Hernandez and counsel for the city of Kennewick. The letter requested that the city file a response to Hernandez's petition, in which it addressed "whether there was reason to doubt Mr. Hernandez's competency when he entered into the SOC, whether there was reason to

doubt his competency when the SOC was revoked, and whether the issue raised in Mr.

Hernandez's petition fits within any exception to the time-bar found in

RCW 10.73.090(1)." Request Letter at 1. The letter added:

> The court also observes that the day after revocation in 8Z0864300 KWP [the district court prosecution] that Mr. Hernandez was ordered to undergo a competency evaluation in Benton County Superior Court case 19-1-01474-03 and that those charges were ultimately dismissed because Mr. Hernandez was found not restorable to competency.

The city of Kennewick submitted a brief that included a narration of the

underlying facts and procedure and an analysis of law. The recitation quoted numerous

statutes regarding incompetency, including RCW 10.77.050, which bars a trial,

conviction, and sentencing against an incompetent person. The city conceded that Bryan

Hernandez lacked competency throughout the entire prosecution of the simple assault

charge. At the least, according to the city, doubt existed as to Hernandez's competency,

and this doubt should have led the Benton County District Court to inquire as to

Hernandez's competency. At the same time, Kennewick noted that RCW 10.73.090

barred Hernandez's personal restraint petition. Kennewick asked that this court,

nonetheless, vacate Hernandez's conviction under RCW 10.77.050 and CrRLJ 7.8.

On November 1, 2023, Bryan Hernandez filed a motion to seal "these

proceedings" pursuant to GR 15. The caption of the motion includes both this court's

case number and the Benton County District Court case number.

LAW AND ANALYSIS

Time Bar

Bryan Hernandez, in this personal restraint petition, principally seeks vacation of his plea of guilty and conviction for simple assault in Benton County District Court. As a predicate to such relief, Hernandez would need to show his incompetency at the time of his plea of guilty. The city of Kennewick concedes the incompetency. But we do not address Hernandez's posited incompetency because of the time bar that demands dismissal of the petition.

RCW 10.73.090 and .100, in addition to some court rules, control personal restraint petitions. RCW 10.73.090 declares:

> *[n]o petition* or motion for collateral attack on a judgment and sentence in a criminal case *may be filed more than one year after the judgment* becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction.

(Emphasis added.) Bryan Hernandez's judgment became final on November 7, 2019. Hernandez filed his petition more than three years later.

RCW 10.73.100 lists six exceptions to the one-year limitation for filing a personal restraint petition. The version of RCW 10.73.100 in effect at the time Bryan Hernandez filed his personal restraint petition listed those exemptions as:

> (1) Newly discovered evidence, if the defendant acted with reasonable diligence in discovering the evidence and filing the petition or motion;

6

(2) *The statute that the defendant was convicted of violating was unconstitutional on its face or as applied to the defendant's conduct*;

(3) The conviction was barred by double jeopardy under Amendment V of the United States Constitution or article I, section 9 of the state Constitution;

(4) The defendant pled not guilty and the evidence introduced at trial was insufficient to support the conviction;

(5) *The sentence imposed was in excess of the court's jurisdiction*; or

. . . .

(7) There has been a significant change in the law, whether substantive or procedural, which is material to the conviction, sentence, or other order entered in a criminal or civil proceeding instituted by the state or local government, and either the legislature has expressly provided that the change in the law is to be applied retroactively, or a court, in interpreting a change in the law that lacks express legislative intent regarding retroactive application, determines that sufficient reasons exist to require retroactive application of the changed legal standard.

(Emphasis added.) Neither Kennewick nor Hernandez forward one of the exceptions as controlling Hernandez's petition.

## RCW 10.77.050 or CrRLJ 7.8

Because RCW 10.73.090 bars Bryan Hernandez's personal restraint petition, the city of Kennewick asks this court to vacate Hernandez's assault conviction under RCW 10.77.050 and CrRLJ 7.8. RCW 10.77.050 precludes a conviction of an incompetent person. The statute provides:

No incompetent person shall be tried, convicted, or sentenced for the commission of an offense so long as such incapacity continues.

CrRLJ 7.8(b) and (c) read:

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc. On motion and upon such terms as are just, the court

7

may relieve a party from a final judgment, order, or proceeding for the
following reasons:

(1) Mistakes, inadvertence, surprise, excusable neglect or
irregularity in obtaining a judgment or order;

(2) Newly discovered evidence which by due diligence could not
have been discovered in time to move for a new trial under rule 7.5;

(3) Fraud (whether heretofore denominated intrinsic or extrinsic),
misrepresentation, or other misconduct of an adverse party;

(4) The judgment is void; or

(5) *Any other reason justifying relief from the operation of the
judgment.*

The motion shall be made within a reasonable time and for reasons
(1) and (2) not more than 1 year after the judgment, order, or proceeding
was entered or taken, and is further subject to RCW 10.73.090, .100, .130,
and .140.  A motion under this section does not affect the finality of the
judgment or suspend its operation.

(c) Procedure on Vacation of Judgment.

(1) *Motion.* Application shall be made by motion stating the grounds
upon which relief is asked, and supported by affidavits setting forth a
concise statement of the facts or errors upon which the motion is based.

(2) *Initial Consideration.* The court may deny the motion without a
hearing if the facts alleged in the affidavits do not establish grounds for
relief.  Otherwise, the court shall enter an order fixing a time and place for
hearing and directing the adverse party to appear and show cause why the
relief asked for should not be granted.

(Some emphasis added) (boldface omitted.)  Kennewick relies on subsection (b)(5).

The city of Kennewick does not address whether the Court of Appeals possesses

authority to vacate a conviction under RCW 10.77.050 or CrRLJ 7.8.  Under CrRLJ

1.4(a), the "court" referenced in CrRLJ 7.8 is a "court of limited jurisdiction" and does

not include the court of appeals.  Thus, CrRLJ 7.8 grants the district court the initial

prerogative to determine whether to vacate a conviction for any reason justifying relief.

8

We decline the city of Kennewick's request to vacate Bryan Hernandez's conviction and guilty plea. We render no determination of the propriety of the Benton County District Court vacating Hernandez's conviction and guilty plea if a party files a motion with the district court.

Motion to Seal

After filing his personal restraint petition, Bryan Hernandez filed a motion "to seal these proceedings under GR 15 to protect his privacy." Although Hernandez lists both this matter's case number and the Benton County District Court case number in the caption of his motion to seal, we assume that he limits his motion to the personal restraint petition proceeding pending with this court. We doubt we have authority to order the sealing of the court records for the Benton County District Court proceeding without Hernandez first filing the motion in the district court and obtaining a ruling from that court. We doubt we have the prerogative in a time-barred personal restraint petition to address any action in the district court. Hernandez cites no statute, court rule, or decision suggesting this court has such authority.

GR 15 establishes "a uniform procedure for the destruction, sealing, and redaction of court records. This rule applies to all court records, regardless of the physical form of the court record, the method of recording the court record, or the method of storage of the court record." GR 15(a).

9

GR 15(c)(1) provides, in relevant part, that, "[i]n a criminal case or juvenile proceedings, the court, any party, or any interested person may request a hearing to seal or redact the court records." A "court file" includes the pleadings, orders, and papers filed with the court clerk. GR 15(b)(1). The relevant definition of a "court record," as provided by GR 15(b)(2), can be found in GR 31(c)(4), which reads:

> "Court record" includes, but is not limited to: (i) Any document, information, exhibit, or other thing that is maintained by a court in connection with a judicial proceeding, and (ii) Any index, calendar, docket, register of actions, official record of the proceedings, order, decree, judgment, minute, and any information in a case management system created or prepared by the court that is related to a judicial proceeding. Court record does not include data maintained by or for a judge pertaining to a particular case or party, such as personal notes and communications, memoranda, drafts, or other working papers; or information gathered, maintained, or stored by a government agency or other entity to which the court has access but which is not entered into the record.

"To seal means to protect from examination by the public and unauthorized court personnel." GR 15(b)(4).

"If a party moves to seal a court record, GR 15(c) requires the court to hold a hearing [and] provide all parties with notice of that hearing." *State v. Parvin*, 184 Wn.2d 741, 754, 364 P.3d 94 (2015). After the hearing,

> the court may order the court files and records in the proceeding, or any part thereof, to be sealed or redacted if the court makes and enters written findings that the specific sealing or redaction is justified by identified compelling privacy or safety concerns that outweigh the public interest in access to the court record. *Agreement of the parties alone does not constitute a sufficient basis for the sealing or redaction of court*

*records.*

GR 15(c)(2) (emphasis added).

> Sufficient privacy or safety concerns that may be weighed against the public interest include findings that:
> (A) The sealing or redaction is permitted by statute; or
> (B) The sealing or redaction furthers an order entered under CR 12(f) or a protective order entered under CR 26(c); or
> (C) A conviction has been vacated; or
> (D) The sealing or redaction furthers an order entered pursuant to RCW 4.24.611; or
> (E) The redaction includes only restricted personal identifiers contained in the court record; or
> (F) Another identified compelling circumstance exists that requires the sealing or redaction.

GR 15(c)(2).

When ruling on a motion to seal, courts must read together GR 15 and the following five factors identified in *Seattle Times Co. v. Ishikawa*, 97 Wn.2d 30, 640 P.2d 716 (1982). *State v. Waldon*, 148 Wn. App. 952, 967, 202 P.3d 325 (2009).

> 1. The proponent of closure and/or sealing must make some showing of the need therefor. *Kurtz*, 94 Wn.2d at 62, 615 P.2d 440. In demonstrating that need, the movant should state the interests or rights which give rise to that need as specifically as possible without endangering those interests.
> . . . If closure and/or sealing is sought to further any right or interest besides the defendant's right to a fair trial, a "serious and imminent threat to some other important interest" must be shown.
> . . . .
> 2. "Anyone present when the closure (and/or sealing) motion is made must be given an opportunity to object to the (suggested restriction)". *Kurtz*, 94 Wn.2d at 62, 615 P.2d 440.

11

. . . .

3. The court, the proponents and the objectors should carefully analyze whether the requested method for curtailing access would be both the least restrictive means available and effective in protecting the interests threatened. See *Kurtz*, at 63-64, 615 P.2d 440. If limitations on access are requested to protect the defendant's right to a fair trial, the objectors carry the burden of suggesting effective alternatives. If the endangered interests do not include the defendant's Sixth Amendment rights, that burden rests with the proponents.

4. "The court must weigh the competing interests of the defendant and the public," *Kurtz*, at 64, 615 P.2d 440, and consider the alternative methods suggested. Its consideration of these issues should be articulated in its findings and conclusions, which should be as specific as possible rather than conclusory. See *People v. Jones*, 47 N.Y.2d 409, 415, 391 N.E.2d 1335, 418 N.Y.S.2d 359 (1979).

5. "The order must be no broader in its application or duration than necessary to serve its purpose...." *Kurtz*, 94 Wn.2d at 64, 615 P.2d 440. If the order involves sealing of records, it shall apply for a specific time period with a burden on the proponent to come before the court at a time specified to justify continued sealing.

*Seattle Times Co. v. Ishikawa*, 97 Wn.2d 30, 37–39 (1982). If redaction from the court record will adequately resolve the issues presented, the court record cannot be sealed. GR 15(c)(3).

In support of his motion to seal, Bryan Hernandez cites *Addington v. Texas*, 441 U.S. 418, 423, 99 S. Ct. 1804, 60 L. Ed. 2d 323 (1979). *Addington v. Texas* addressed the standard of proof required of a State in order to involuntarily commit a mentally ill individual. The decision does not suggest records filed in a commitment proceeding

should be sealed.  The city of Kennewick's prosecution of Hernandez did not constitute an involuntary commitment.

Bryan Hernandez does not identify the records needing to be sealed to protect his privacy.  Hernandez has provided this court no case law favoring his motion to seal.  He has not conducted any analysis of the factors found in GR 15 or in *Seattle Times Co. v. Ishikawa*.  Therefore, we deny the motion.

Statement of Additional Grounds

Bryan Hernandez filed a statement of additional grounds.  Court rules allow the party to a criminal direct appeal to file a statement of additional grounds, but not as part of a personal restraint petition.  RAP 10.10(a) states:

> Statement Permitted.  In a criminal case *on direct appeal*, the defendant may file a pro se statement of additional grounds for review to identify and discuss those matters related to the decision under review that the defendant believes have not been adequately addressed by the brief filed by the defendant's counsel.

(Emphasis added.)  We, therefore, decline to review the statement of additional grounds.

CONCLUSION

We dismiss Bryan Hernandez's personal restraint petition.  We also deny his motion to seal.

No. 39851-0-III
*In re PRP of Hernandez*


A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:


_____
Lawrence-Berrey, C.J.

_____
Cooney, J.

14