215 P.3d 977 (2009)
INDIGO REAL ESTATE SERVICES, Respondent,
v.
Ashlee ROUSEY, Appellant.
No. 61831-8-I.
Court of Appeals of Washington, Division 1.
August 31, 2009.
Eric Dunn, NW Justice Project, Seattle, WA, for Appellant.
Sarah A. Dunne, Seattle, WA, for Amicus Curiae on behalf of Et Al. American Civil Liberties Union.
Duane Michael Swinton, Attorney at Law, Spokane, WA, for Amicus Curiae on behalf of Washington Coalition of Open Government.
James Kendrick Pharris, Attorney at Law, Allyson Zipp, Attorney General's Office/Ecology Div., Olympia, WA, for Amicus Curiae on behalf of Attorney General of Washington.
Robert Kinney Valz Jr., Valz Houser Kogut & Barnes PS, Olympia, WA, for Amicus Curiae on behalf of Washington Landlord Association.
Maria Diana Garcia, Attorney at Law, Kennewick, WA, for Amicus Curiae on behalf of Solid Ground.
*978 Thomas Francis Peterson, Socius Law Group PLLC, Seattle, WA, for Amicus Curiae on behalf of King County Housing Justice Project.
Leona Correia Bratz, Snohomish County Legal Services, Everett, WA, for Amicus Curiae on behalf of Snohomish County Housing Justice Project.
LEACH, J.
¶ In this case, we are asked to decide whether the superior court erred when it denied Ashlee Rousey's uncontested motion to redact her full name from the record of a dismissed unlawful detainer action publicly available through the Superior Court Management Information System (SCOMIS), the statewide computer system managed by the Administrator for the Courts. We conclude that the superior court erred. General Rule (GR) 15 and the factors set forth in Seattle Times Co. v. Ishikawa[1] provide the legal standard that a court must apply when ruling on a motion to redact court records. The court failed to apply this standard in deciding whether to redact Rousey's record in the SCOMIS index. Accordingly, we reverse and remand to the superior court to apply the correct standard.

Background
¶ 2 Rousey lives with her child in an apartment that she rents from Indigo Real Estate Services. In January 2008, Rousey contacted the YWCA Domestic Advocacy Services because Vernon Noel, her former partner and father of her child, had abused her. On February 24, 2008, Noel came to her home, refused to leave, became abusive and threatening, and threw a rock at her window. Rousey called the police, and they issued a trespass notice prohibiting Noel from coming to her home. When Rousey informed Indigo about the incident, Indigo demanded that she move out of her apartment by February 29, 2008. Rousey initially agreed to Indigo's demand but later, after consulting with her attorney, decided not to move. Her attorney sent Indigo a letter dated March 1, 2008, explaining her decision and providing corroborating evidence that Noel's actions occurred during a domestic violence incident. Rousey asserted that Indigo had improperly pressured her to surrender her tenancy in violation of the victim protection act, RCW 59.18.580(1).[2]
¶ 3 On March 4, 2008, Indigo filed an unlawful detainer action seeking to enforce Rousey's agreement to leave. But after Indigo reviewed Rousey's letter and proof of domestic violence, the parties agreed to a voluntary dismissal of the case. On March 13, 2008, the court entered an agreed order of dismissal that did not specify any reason for the dismissal.
¶ 4 Although the unlawful detainer action was dismissed, the record of it remained publicly available through SCOMIS. Rousey moved under GR 15 to replace her full name with her initials in the SCOMIS index, claiming that her privacy interest in preserving her future rental opportunities outweighed the public interest in having her full name available in the SCOMIS index.
¶ 5 On May 2, 2008, the superior court denied Rousey's motion, finding no basis under the law or GR 15 to seal the file. The court also denied her motion for reconsideration. This order states that in reaching its May 2, 2008, decision, [T]his Court did not decide whether the privacy interest that Ms. Rousey asserted (i.e., protection against unjustified disqualification from future housing opportunities) was compelling or whether that privacy interest outweighs the public interest in having Ms. Rousey's full name remain in the SCOMIS index (rather than her initials).
¶ 6 Rousey appeals both orders.[3]

*979 Standard of Review
¶ 7 The legal standard for sealing or redacting records is an issue of law this court reviews de novo.[4] We review a trial court's decision on a motion to seal or redact records for an abuse of discretion, but if the trial court applied an incorrect legal standard, we remand for application of the correct standard.[5]

Discussion
¶ 8 Rousey argues the superior court failed to apply the correct legal standard when it denied her motion to redact her full name from the SCOMIS index. Specifically, she asserts that, in evaluating her request, the court should have applied GR 15 and the Ishikawa factors.
¶ 9 We first consider whether GR 15 authorizes any redaction of information contained in the SCOMIS index. GR 15 sets forth a uniform procedure for the destruction, sealing, and redaction of court records.[6] This rule applies to all court records, regardless of the physical form of the court record, the method of recording the court record, or the method of storage of the court record.[7] Under GR 15(b)(2), court record is defined to include:
(i) Any document, information, exhibit, or other thing that is maintained by a court in connection with a judicial proceeding, and (ii) Any index, calendar, docket, register of actions, official record of the proceedings, order, decree, judgment, minute, and any information in a case management system created or prepared by the court that is related to a judicial proceeding.[[8]] The Judicial Information System (JIS) is the primary information system for courts in Washington,[9] and SCOMIS is the major JIS application for Washington superior courts.[10] Superior courts use SCOMIS to record parties and legal instruments filed in superior court cases, to set cases on court calendars, and to enter case judgments and final dispositions.[11] SCOMIS thus meets both prongs of the definition of court record for purposes of GR 15. Accordingly, the standard for redacting court records under GR 15 applies to Rousey's motion to redact the record of the unlawful detainer action in the SCOMIS index.
¶ 10 Under the standard provided in GR 15(c)(2), a court may order redaction, following a hearing upon reasonable notice, if it determines in written findings that redaction is justified by identified compelling privacy or safety concerns that outweigh the public interest in access to the court record. When denying a motion to redact, the court is not required to enter written findings, but it still must weigh the identified privacy concerns against the public interest.[12] Among the six *980 [s]ufficient privacy or safety concerns that may be weighed against the public interest listed in GR 15 is an identified compelling circumstance ... that requires the ... redaction.[13] In this case, Rousey asserts that the potential impairment of her future rental opportunities constitutes such a circumstance.
¶ 11 The standard for redacting court records under GR 15(c)(2), however, must be harmonized with the five-part analysis in Ishikawa since any request to redact court records implicates the public's right of access to court records under article I, section 10 of the Washington State Constitution.[14] As the public's right of access serves to enhance the basic fairness of the proceedings and to safeguard the integrity of the fact-finding process,[15] this right may be limited only to protect significant interests, and any limitation must be carefully considered and specifically justified.[16] In Ishikawa, our Supreme Court set forth five factors that a court must consider in deciding whether a motion to restrict access to court records meets constitutional requirements:
1. The proponent of closure and/or sealing must make some showing of the need therefor. In demonstrating that need, the movant should state the interests or rights which give rise to that need as specifically as possible without endangering those interests.
... If closure and/or sealing is sought to further any right or interest besides the defendant's right to a fair trial, a serious and imminent threat to some other important interest must be shown.
. . . .
2. Anyone present when the closure [and/or sealing] motion is made must be given an opportunity to object to the [suggested restriction].
. . . .
3. The court, the proponents and the objectors should carefully analyze whether the requested method for curtailing access would be both the least restrictive means available and effective in protecting the interests threatened.... If the endangered interests do not include the defendant's Sixth Amendment rights, that burden rests with the proponents.
4. The court must weigh the competing interests of the defendant and the public, and consider the alternative methods suggested. Its consideration of these issues should be articulated in its findings and conclusions, which should be as specific as possible rather than conclusory.
5. The order must be no broader in its application or duration than necessary to serve its purpose ... If the order involves sealing of records, it shall apply for a specific time period with a burden on the proponent to come before the court at a time specified to justify continued sealing.[[17]]
For nearly three decades, these five Ishikawa factors have served as the benchmark constitutional analysis regarding attempts to restrict access to courtroom proceedings or records.[18] In analyzing GR 15, as revised in 2006, this court in State v. Waldon[19] held that GR 15 does not fully comply with the constitutional benchmark defined in Ishikawa. But it can be harmonized with Ishikawa to preserve its constitutionality. The court concluded that GR 15 and Ishikawa must be read together when ruling on a motion to seal or redact court records.[20]
¶ 12 In sum, GR 15 authorizes courts to redact information in SCOMIS, and GR 15 *981 and the Ishikawa factors together provide the legal standard for evaluating Rousey's motion to redact her name from the SCOMIS index.
¶ 13 We next consider whether the superior court applied the correct legal standard in denying Rousey's motion to redact. The record of the court's action on the motion consists of the court's oral ruling and two written orders, the order to redact or seal court record-GR15(c) and the order denying motion for reconsideration. It is unclear from examining the oral ruling and written orders whether the court applied GR 15 and the Ishikawa factors.
¶ 14 The court's oral ruling is ambiguous as to what standard it applied in denying the motion to redact. The verbatim transcript of the hearing shows that when Rousey requested redaction of the record of the unlawful detainer action on SCOMIS, the court stated that it did not believe that voluntary dismissal of a case provided a basis for her request. The court reasoned,
[T]he parties may have stipulated to a dismissal, but I don't know why they dismissed it. And it may well be that ... Ms. Rousey didn't, in fact, pay her rent or did some other thing that entitled the landlord to file an action and the parties settled it and dismissed it. There are lots of cases every day that are filed and either a voluntary nonsuit is taken or a stipulation order is taken.
We don't get to ... essentially seal the names of the defendants in all of those cases.
The court further stated, I understand that this has a different effect ... on the tenant potentially, but I still don't think that it's a basis upon which the Court can seal a file.[21] The court concluded, I just don't see that under the rules that this is an appropriate case to seal. So I denominate it as a denied order. While the court referred to the rules as the framework for its decision, the court did not mention either GR 15 or the Ishikawa factors. In addition, the court did not articulate that it had weighed Rousey's asserted privacy interest against the public interest as required under GR 15(c)(2) and the fourth Ishikawa factor.
¶ 15 The court's initial order mentions GR 15, as it states in full: Denied order. No basis under the law or GR 15 to seal the file. But the court's order on Rousey's motion for reconsideration expressly states that, in initially denying the motion, the court did not perform the analysis required under GR 15 and the Ishikawa factors:
3. In reaching May 2, 2008, order, this Court did not decide whether the privacy interest that Ms. Rousey asserted (i.e., protection against unjustified disqualification from future housing opportunities) was compelling or whether that privacy interest outweighs the public interest in having Ms. Rousey's full name remain in the SCOMIS index (rather than her initials).
After providing this explanation, the court concluded that the May 2, 2008, order was legally correct and substantially just.
¶ 16 While written findings are not required when a motion to seal or redact is denied,[22] this case illustrates why it is advisable to make them. At best, the court's oral ruling and written orders are ambiguous as to the standard the court applied in deciding Rousey's motion to redact. Since we cannot determine whether the trial court used the correct standard, the appropriate remedy is remand to the trial court to apply it.[23]
¶ 17 Various amici ask that we reach the merits of Rousey's request, but a review of certain requirements under GR 15 and Ishikawa demonstrates why remand is more appropriate. GR 15(c)(2) and Ishikawa require written findings to support an order for redaction.[24] Here, the trial court made no findings. Nor was it presented with any evidence in the form of declarations, affidavits, *982 or live testimony that would support findings of fact. Further, this court does not engage in fact finding.[25] Even if this was permitted, the record contains no evidence to weigh under GR 15 and the Ishikawa factors. We therefore decline to accept amici's invitation to address the merits of Rousey's need for redaction.
¶ 18 Amici have raised several issues, however, to which we provide the following considerations to facilitate proceedings on remand. We first note the analytical framework regarding access to court records provided by our Supreme Court. In its rule-making capacity, the court has declared the policy and purpose of access to court records as follows:
It is the policy of the courts to facilitate access to court records as provided by article I, section 10 of the Washington State Constitution. Access to court records is not absolute and shall be consistent with reasonable expectations of personal privacy as provided by article I, section 7 of the Washington State Constitution and shall not unduly burden the business of the courts.[[26]]
Consistent with this policy, the court has identified by rule particular records and information to which access is restricted. These include certain health care and financial records filed in family law and guardianship cases.[27] Notably, the court has not established similar general restrictions for unlawful detainer proceedings. Instead, it has emphasized by rule and decision that requests to restrict access to court records and information must be decided on a case-by-case basis, starting with the presumption of openness.[28]
¶ 19 When using this framework and applying GR 15 and the Ishikawa factors, the court hearing Rousey's motion should consider whether redaction is the least restrictive means available. Amicus Washington Coalition for Open Government has suggested that a tenant could insert an explanation into the SCOMIS case record analogous to that which an individual can insert into a credit history. Representatives of the superior court clerk and JIS each may wish to provide the court with information concerning the feasibility of this alternative and the capacity of SCOMIS to accommodate it.
¶ 20 The court should also consider whether redaction will protect Rousey's threatened interest. The record is silent as to when private tenant screening services first acquire the identity of parties to a pending unlawful detainer action. If this information is first retrieved either at the time of filing or entry of the order of dismissal, the relief requested by Rousey may not accomplish her goal nor that of similarly situated tenants in the future. Evidence from a tenant screening service as to when this information is collected and how it is disseminated could inform the trial court about this issue.
¶ 21 Finally, we emphasize that after the trial court properly applies GR 15 and the Ishikawa factors, it still must exercise discretion to decide whether the interests asserted by Rousey are compelling enough to override the presumption of openness.[29]

Conclusion
¶ 22 GR 15 authorizes the redaction of information in SCOMIS. In deciding Rousey's motion to redact her name from the SCOMIS index, the superior court should have applied GR 15 and the Ishikawa factors. But because the record is unclear as to whether the superior court applied this standard when denying the motion, we remand for application of the correct standard.
¶ 23 Reversed and remanded.
WE CONCUR: DWYER, A.C.J., and BECKER, J.
NOTES
[1] 97 Wash.2d 30, 640 P.2d 716 (1982).
[2] RCW 59.18.580(1) provides, A landlord may not terminate a tenancy, fail to renew a tenancy, or refuse to enter into a rental agreement based on the tenant's or applicant's or a household member's status as a victim of domestic violence.
[3] Indigo did not participate in this appeal. At this court's invitation, the Washington Coalition for Open Government and the Washington Landlord Association filed amicus briefs opposing Rousey's appeal. The Attorney General of the State of Washington, the American Civil Liberties Union of Washington Foundation and the American Civil Liberties Union Women's Rights Project (on behalf of a number of organizations), the King and Snohomish County Housing Justice Projects, and Solid Ground filed amicus briefs in support of Rousey. We thank all amici for participating and assisting the court in deciding this appeal.
[4] In re Marriage of Treseler, 145 Wash.App. 278, 283, 187 P.3d 773 (2008) (citing Rufer v. Abbott Labs., 154 Wash.2d 530, 540, 114 P.3d 1182 (2005)).
[5] Treseler, 145 Wash.App. at 283, 187 P.3d 773 (citing Rufer, 154 Wash.2d at 540, 114 P.3d 1182).
[6] GR 15(a).
[7] GR 15(a).
[8] GR 31(c)(4). GR 15(b)(2) cross references the definition of court record in GR 31(c)(4).
[9] Washington Courts, http://www.courts.wa.gov/ jis/ (last visited Aug. 11, 2009).
[10] Washington Courts, http://www.courts.wa. gov/jis?fa+jis.display & theFile=caseManagementSystems (last visited Aug. 11, 2009). JIS is the primary information system for courts in Washington. It provides case management automation to appellate, superior, limited jurisdiction and juvenile courts. Washington Courts, http:// www.courts.wa.gov/jis/ (last visited Aug. 11, 2009). JIS is designed and operated by the Administrator for the Courts under the direction of the Judicial Information System Committee and with the approval of the Supreme Court pursuant to RCW 2.56. Judicial Information System Committee Rule 1.
[11] Washington Courts, htt p://www.courts.wa. gov/jislink/index.cfm?fa= jislink  manual.display & file=JIS-LinkManual-05 (last visited Aug. 11, 2009).
[12] Treseler, 145 Wash.App. at 291, 187 P.3d 773.
[13] GR 15(c)(2)(F).
[14] State v. Waldon, 148 Wash.App. 952, 957, 962, 202 P.3d 325 (2009). Article I, section 10 provides, Justice in all cases shall be administered openly, and without unnecessary delay.
[15] Dreiling v. Jain, 151 Wash.2d 900, 908-09, 93 P.3d 861 (2004).
[16] Dreiling, 151 Wash.2d at 904, 93 P.3d 861.
[17] Ishikawa, 97 Wash.2d at 37-39, 640 P.2d 716 (some alterations in original) (internal citations omitted) (quoting Federated Publ'ns, Inc. v. Kurtz, 94 Wash.2d 51, 62, 64, 615 P.2d 440 (1980)).
[18] Waldon, 148 Wash.App. at 960-61, 202 P.3d 325.
[19] 148 Wash.App. 952, 967, 202 P.3d 325 (2009).
[20] Waldon, 148 Wash.App. at 967, 202 P.3d 325.
[21] The court suggested that sealing was unnecessary because Rousey could file an explanation with any application for tenancy.
[22] Treseler, 145 Wash.App. at 290, 187 P.3d 773.
[23] Waldon, 148 Wash.App. at 967 n. 10, 202 P.3d 325.
[24] GR 15(c)(2); Ishikawa, 97 Wash.2d at 38, 640 P.2d 716.
[25] Edwards v. Morrison-Knudsen Co., 61 Wash.2d 593, 598-599, 379 P.2d 735 (1963) (The function of ultimate fact finding is exclusively vested in the trial court.).
[26] GR 31.
[27] GR 22.
[28] GR 15; Rufer, 154 Wash.2d at 535, 549-50, 114 P.3d 1182.
[29] Rufer, 154 Wash.2d at 549, 114 P.3d 1182.