IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| JOHN DOE L; JOHN DOE M; JOHN DOE N; and JOHN DOE O, as individuals and on behalf of others similarly situated, | No. 82055-9-I |
| Respondents, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| DONNA ZINK, a married woman, | |
| Appellant, | |
| PIERCE COUNTY, | |
| Defendant. | |

CHUN, J. — Donna Zink sought disclosure of sex offender records from the Pierce County Sheriff's Department (PCSD) under the Public Records Act (PRA).[1] John Does sued to prevent the disclosure. The trial court entered summary judgment rulings in John Does' favor. Zink appealed. During the pendency of that appeal, our Supreme Court decided two cases applicable to the merits here. This court consequently reversed the summary judgment rulings and remanded. On remand, John Does moved to voluntarily dismiss the case with prejudice. Over Zink's opposition, the trial court granted the motions. We affirm.

---

[1] Ch. 42.56 RCW.

Citations and pin cites are based on the Westlaw online version of the cited material.

## I. BACKGROUND

In 2014, Zink made a PRA request to PCSD for sex offender records.[2] PCSD notified the individuals listed in the records that it would release the materials unless a court enjoined it from doing so.

John Does L–O sued Pierce County, seeking a declaratory judgment that the requested records were exempt from disclosure and an injunction prohibiting their release. They made Zink, the "Requestor," a party to the action.

The plaintiffs moved for class certification. They also moved for preliminary injunctive relief prohibiting the release of the requested records. And they moved for permission to proceed in pseudonymity.

The trial court entered a temporary restraining order prohibiting PCSD from releasing the records. It then granted a preliminary injunction for the same purpose. It certified the class and appointed John Does L–O class representatives. It granted the plaintiffs' motion to proceed in pseudonymity. And it consolidated the case with three other cases, including a class action initiated by John Doe D, a respondent in this appeal.[3]

John Does moved for summary judgment, seeking a permanent injunction against the release of the records. The trial court granted the motions and

---

[2] Zink requested a list of all registered sex offenders in Pierce County, all related victim impact statements, and all related Special Sex Offender Sentencing Alternatives (SSOSA) and Special Sex Offender Disposition Alternatives (SSODA) evaluations.

[3] We refer to all the plaintiffs in the consolidated matters as "John Does." We refer to the respondents in this case—John Does L–O and John Doe D—as "Respondents."

enjoined PCSD from releasing the requested records in each of the consolidated cases.[4]

Zink moved for reconsideration, which motion the trial court denied. Zink appealed the order allowing the plaintiffs to proceed under pseudonyms, the class certification, and the summary judgment rulings granting permanent injunctions. John Doe L v. Pierce County, 7 Wn. App. 2d 157, 164, 433 P.3d 838 (2018).

While the case was pending before this court, our Supreme Court held in John Doe A v. Washington State Patrol, 185 Wn.2d 363, 385, 374 P.3d 63 (2016), that "level I sex offender registration information is subject to disclosure under a PRA request." And the Supreme Court held in John Doe G v. Dep't of Corr., 190 Wn.2d 185, 202, 410 P.3d 1156 (2018), "that SSOSA evaluations are not exempt under the PRA." The Supreme Court also held in Doe G that "names in captions implicate article I, section 10," and that a trial court errs in granting a motion to proceed in pseudonymity without conducting a GR 15 and Ishikawa[5] analysis. Id.

Division Two of this court then decided Zink's appeal in 2018. Doe L, 7 Wn. App. 2d at 164. The court affirmed the trial court's rulings in some respects, including the class certification for John Does L–O and John Doe D. Id. But the court reversed and remanded the pseudonym issue because the trial court did not conduct a GR 15 and Ishikawa analysis and partially reversed and remanded

---

[4] The record does not include John Doe D's motion for summary judgment or the order granting it. But the parties do not dispute that the trial court so ruled.

[5] Seattle Times Co. v. Ishikawa, 97 Wn.2d 30, 640 P.2d 716 (1982).

the summary judgment rulings preventing release of the records, given the Supreme Court's holdings in Doe A and Doe G.[6]  Id.

This court entered a mandate in June 2019.  A few days later, at the trial court level, John Doe D and John Does L–O moved for voluntary dismissal with prejudice under CR 41(a)(1)(B).  In their replies, John Doe D and John Does L–O also argued for voluntary dismissal under CR 41(a)(2).  At a hearing, the trial court dismissed all their causes of action under CR 41(a)(1)(B) with prejudice.[7]  Zink moved for reconsideration, which motion the trial court denied.

Zink appeals again.

## II. ANALYSIS

### A. Dismissal

Zink says the trial court erred by dismissing this case under CR 41(a)(1)(B).  She contends that such a dismissal may not occur after a summary judgment ruling and that the trial court failed to abide by this court's ruling on remand.[8]  Respondents counter that CR 41(a)(1)(B) allowed dismissal because they had not rested their case, there was no operative summary

---

[6] This court affirmed summary judgment rulings exempting juvenile SSODA evaluations from disclosure.  Doe L, 7 Wn. App. 2d at 205.

[7] The dismissal order cites "CR 41(a)(1)(A)" but this was apparently a clerical error.  CR 41(a)(1)(A) concerns dismissal by stipulation, which did not occur here.  The parties do not dispute that dismissal was under CR 41(a)(1)(B).

[8] Zink says that the trial court violated the law-of-the-case doctrine by failing to follow this court's mandate.  See RAP 12.2 ("Upon issuance of the mandate of the appellate court . . . the action taken or decision made by the appellate court is effective and binding on the parties to the review and governs all subsequent proceedings in the action in any court").  We disagree.  The only mandate on remand was to apply the proper analysis to whether the plaintiffs could proceed in pseudonymity.  Doe L, 7 Wn. App. 2d at 164.  And as discussed below, we determine that issue to be moot now.  This court did not direct the trial court to continue litigation and Zink has no pending claims.

judgment ruling, and trial had not begun. Respondents also say that good cause existed for dismissal under CR 41(a)(2).[9] We agree with the Respondents that good cause supported dismissal under CR 41(a)(2).[10]

We review "a decision to grant a voluntary dismissal under CR 41 for abuse of discretion." Gutierrez v. Icicle Seafoods, Inc., 198 Wn. App. 549, 553, 394 P.3d 413 (2017). "An abuse of discretion exists when a court's decision is 'manifestly unreasonable or based upon untenable grounds or reasons.'" Thomas-Kerr v. Brown, 114 Wn. App. 554, 557–58, 59 P.3d 120 (2002) (quoting Davis v. Globe Mach. Mfg. Co., Inc., 102 Wn.2d 68, 77, 684 P.2d 692 (1984)). We review "the application of a court rule to undisputed facts de novo." Gutierrez, 198 Wn. App. at 553.

CR 41(a) states in part:

> (a) Voluntary Dismissal. . .
>
> (2) *Permissive.* After plaintiff rests after plaintiff's opening case, plaintiff may move for a voluntary dismissal without prejudice upon good cause shown and upon such terms and conditions as the court deems proper.

After the Supreme Court's decisions in Doe G and Doe A, this court partially reversed the trial court's summary judgment rulings and permanent injunctions preventing the disclosure of the requested records. On remand, the

---

[9] Zink says dismissal was improper under CR 41(a)(2) (as well as CR 41(a)(1)) because Respondents moved to dismiss after the summary judgment ruling. But the cases she cites concern motions to dismiss before the plaintiffs rested, while CR 41(a)(2) addresses motions "after the plaintiff rests."

[10] Because we affirm based on CR 41(a)(2), we do not reach the CR 41(a)(1)(B) issue.

Respondents moved to dismiss under CR 41. The trial court granted the motions to dismiss under CR 41(a)(1)(B).

Respondents say that good cause existed for dismissal under CR 41(a)(2) because the rulings in Doe A and Doe G determined the merits of the case, Zink obtained the requested records, and there are no remaining counterclaims or other pending issues. Respondents also note that the goal of CR 41 is to lighten the burden on court dockets.

Though the trial court did not grant dismissal under CR 41(a)(2), we may affirm on this ground. Gardner v. First Heritage Bank, 175 Wn. App. 650, 673 n.31, 303 P.3d 1065 (2013) ("It is a general rule of appellate practice that the judgment of the trial court will not be reversed when it can be sustained on any theory, although different from that indicated in the decision of the trial judge." (quoting Sprague v. Sumitomo Forestry Co., 104 Wn.2d 751, 758, 709 P.2d 1200 (1985))). Respondents raised CR 41(a)(2) as an alternative basis for dismissal in their replies.[11] See Gosney v. Fireman's Fund Ins. Co., 3 Wn. App. 2d 828, 877, 419 P.3d 447 (2018) ("An appellate court can affirm a trial court judgment on any basis within the pleadings and proof."). Good cause existed for dismissal. Because of the decisions in Doe A, Doe G, and Doe L, Respondents no longer wished to proceed with their case, and there were no other pending claims. While Zink says that the trial court must still conduct a GR 15 and Ishikawa analysis to decide the pseudonym issue, as discussed below, the issue is moot. The purpose of CR 41 is to provide plaintiffs with a tool to unburden court

---

[11] Zink did not object to Respondents raising this argument in their replies.

dockets and reduce unnecessary litigation.[12]  The trial court acted within its discretion.

## B.  Pseudonyms

Zink says that the trial court erred by dismissing the case without conducting a GR 15 and Ishikawa analysis of the pseudonym issue, which it determined to be moot.  John Doe D responds that the issue is indeed moot as to them because this court has already said so.  John Does L–O respond that the issue is moot because the trial court dismissed their case with prejudice and Zink obtained the relief she sought.  We conclude the issue is moot.

"Mootness is a question of law reviewed de novo."  State v. Slattum, 173 Wn. App. 640, 648, 295 P.3d 788 (2013).  "A case is moot when it involves only abstract propositions or questions, the substantial questions in the trial court no longer exist, or a court can no longer provide effective relief."  Cox v. Kroger Co., 2 Wn. App. 2d 395, 408, 409 P.3d 1191 (2018) (quoting Spokane Research & Def. Fund v. City of Spokane, 155 Wn.2d 89, 99, 117 P.3d 1117 (2005)).

In the first appeal, this court determined that the trial court erred by granting John Does L–O's motion to proceed under pseudonyms because it did not conduct a GR 15 and Ishikawa analysis.[13]  Doe L, 7 Wn. App. 2d at 164,

---

[12] See Doe A by & through Roe v. Zink, 2020 WL 7497009, at *3 ("The actions [in moving to dismiss] of the John Does 1 recognized the futility of continuing with their lawsuit and resolved it in a most expeditious manner."); see GR 14.1 ("Washington appellate courts should not, unless necessary for a reasoned decision, cite or discuss unpublished opinions in their opinions").

[13] Zink says under the law-of-the-case doctrine and under RAP 12.2 the trial court must abide by the rulings and conduct a GR 15 and Ishikawa analysis.  But as we noted above, the trial court did not violate the doctrine because there was no mandate to continue with litigation.

202–03. The court reversed and remanded the issue of whether John Does L–O could proceed in pseudonymity. Id. But the court stated, "[W]e do not address whether Does G and D were correctly allowed to proceed under pseudonyms because this issue is moot as to them" because their names were either revealed or were going to be revealed. Id. at 164.

Because this court held in Doe L that the issue was moot, the trial court did not err by declining to conduct a GR 15 and Ishikawa analysis on pseudonymity for the John Doe D plaintiffs.

As for John Does L–O, the trial court correctly concluded that the issue was moot.

The trial court can provide no further relief in this case. This court reversed the summary judgment rulings and on remand the trial court dismissed the Respondents' claims. No active counter or cross-claims remained.

Zink says that the pseudonym issue is not moot because there is a possibility that after conducting the required analysis, the trial court will have the case captions and the Superior Court Management Information System (SCOMIS) entry changed to identify the John Does. But changing the prior case captions and SCOMIS entry in this case cannot be considered "relief." And no "substantial question" remained before the trial court. See Cox, 2 Wn. App. 2d at 408 (quoting Spokane, 155 Wn.2d at 99). Relief here turns on whether the PCSD can release the records, and that issue was decided in Zink's favor.

Zink relies on Indigo Real Estate Servs. v. Rousey, 151 Wn. App. 941, 945, 215 P.3d 977 (2009), which is inapposite. There, following a voluntary

dismissal, the defendant moved under GR 15 to change her name to her initials in SCOMIS. Id. The parties had agreed to dismiss the unlawful detainer case and the defendant sought to prevent future landlords from seeing her name associated with the case. Id. The court held that while GR 15 permits the redaction of information in SCOMIS, the trial court erred in deciding the motion without conducting a GR 15 and Ishikawa analysis. Id. at 944, 949–50. But Rousey does not address mootness in relation to the redaction issue.

Zink says that because any person at any time can move to unseal documents under GR 15(e)(3), the issue of pseudonymity can never be moot. We disagree, and case law undermines her position. See, e.g., Doe ex rel. Roe v. Washington State Patrol, 185 Wn.2d 363, 385, 374 P.3d 63 (2016) ("Because we find that these records are available, it is unnecessary to consider whether the trial court abused its discretion by allowing the plaintiffs to proceed in pseudonym. The issue is moot."). And whether one can move to unseal documents in the future does not affect whether the trial court can provide relief in this case.

Zink also says that the pseudonymity issue is a collateral issue, meaning that the trial court can consider it even after the case has been dismissed. See Beckman v. Wilcox, 96 Wn. App. 355, 359, 979 P.2d 890 (1999) (noting that a "federal court may consider collateral issues [i.e., issues independent of the main proceeding] after an action is no longer pending." (quoting Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990))).

9

But this argument fails to address the proposition that, notwithstanding whether an issue is collateral, it may still be moot.

We affirm.

_____Chun, J._____

WE CONCUR:

_____Coburn, J._____     _____Brennan, J_____